**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Benton Gene Baskin,
Plaintiff
-vs-
Todd Thomas, et al.,
Defendants.

CV-21-1890-PHX-SPL (JFM)

**Order**

Plaintiff's Motion to Appoint Counsel (Doc. 29) again seeks appointment of counsel under 28 U.S.C. § 1915(e)(1).  Plaintiff argues the "exceptional circumstances" standard under *Wilborn v. Escalderon*, 789 F.2d 1328, 1321 (9th Cir. 1986), which requires consideration of the likelihood of success on the merits and the complexity of the issues. The Court applied this same standard when it denied Plaintiff's earlier Motion to Appoint Counsel (Doc. 3).  (Order 12/15/21, Doc. 6 at 2-3.)   Although briefing on the motion is not complete, the Court finds further briefing unnecessary to a fair adjudication of the motion.

Plaintiff makes no argument to show a likelihood of success on the merits.  At most, he attaches, without explanation, copies of various medical records, presumably to show the injuries forming the basis of his claims of deliberate indifference resulting in failure to adjust his restraints.  While these may document injury, they do not establish all the elements of deliberate indifference nor do they ascribe any such deliberate indifference to any particular defendant. Nor does Plaintiff address the pending motions to dismiss (Docs. 20, 21), apart from the statute of limitations defense, which if granted, would preclude success in this action.[1]

---

[1] Plaintiff argues the prison mailbox rule renders his Complaint timely.

Nor does Plaintiff show any complexity of the issues. His claims of deliberate indifference are routine, except to the extent that he asserts events occurring during his air transport from a prison in Kansas to one in Arizona. Defendants' defenses asserted to date in their Motions to Dismiss depend on a statute of limitations, lack of personal jurisdiction, and improper venue (Doc. 20), lack of personal jurisdiction, improper venue, and failure to exhaust administrative remedies[2] (Doc. 21). Such matters may appear complex to Plaintiff, but they are well trod ground for the Court.

Most of Plaintiff's complaints relate solely to the inconveniences of his incarceration, including limited research resources and access, and limited technical assistance. Such matters are neither exceptional, nor do they show a complexity of the issues, as opposed to the complexity of litigating.

Finally, the Court observes that Plaintiff's Motion indicates that he has a high level of capability in marshalling law and facts in his filings. For example, Plaintiff addresses the prisoner mailbox rule and its application to his Complaint. (Motion, Doc. 29 at 2, ¶ 3.) This ability is reflected in all of Plaintiff's other recent filings (Docs. 2, 26, 30, 31).

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Appoint Counsel (Doc. 29) is **DENIED WITHOUT PREJUDICE**.

Dated: March 10, 2023

21-1890-029o Order 23 03 09 on Motion to Appoint Counsel.docx

James F. Metcalf
United States Magistrate Judge

---

[2] It appears that the arguments on failure to exhaust may have been improperly brought in a motion to dismiss. *See Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014). That, however, does not preclude the viability of the defense as precluding success on the merits in this case.

- 2 -