# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Benton Gene Baskin,
Plaintiff
-vs-
Todd Thomas, et al.,
Defendants.

CV-21-1890-PHX-SPL (JFM)

**Order**

Plaintiff's third Motion to Appoint Counsel (Doc. 38) seeks appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), citing as cause Plaintiff's inability to retain counsel, the inconveniences of his incarceration and the resulting impact on his ability to conduct research and investigations (including the limited legal resources (research and word processing) available to Plaintiff), the need to respond to the motions to dismiss (which he argues are the equivalent to motions for summary judgment) and/or transfer, and a likelihood of success and complexity of the issues.

Although briefing on the motion is not complete, the Court finds further briefing unnecessary to a fair adjudication of the motion.

In rejecting Plaintiff's prior motions for counsel the Court has addressed the exceptional circumstances standard, *see Wilborn v. Escalderon*, 789 F.2d 1328, 1321 (9th Cir. 1986), and has concluded that the issues in this case are not complex, and the inconveniences of Plaintiff's incarceration do not render them complex. The Court further concluded Plaintiff had not shown a likelihood of success on the merits. (*See* Order 12/15/21, Doc. 6; Order 3/10/23, Doc. 32.)

Plaintiff's reference to the pending motions to dismiss do not alter that determination. Although presumably unfamiliar territory for Plaintiff, such motions are routine in prisoner civil rights cases and do not create exceptional circumstances. The

only portion of the motions not routine relates to the jurisdictional question whether this case is properly brought in the District of Arizona. Again, however, that issue is not complex. Even if not routine, Plaintiff continues to show himself amply capable of addressing issues of such complexity, including by inserting issues developed by Plaintiff on his own, *e.g.* arguing that the motions to dismiss on exhaustion amounts to a motion for summary judgment. (Motion, Doc. 38 at 3.)

Plaintiff further asserts that the motion to dismiss on exhaustion is complex because "a pro se prisoner lacking sophistication is [unlikely] to respond to a motion to dismiss for failure to exhaust administrative remedies." (Motion, Doc. 38 at 3.) To the contrary, this Court's experience is that even prisoners with far less demonstrated ability to litigate than Plaintiff routinely respond to such motions. Further, Plaintiff demonstrates his unique ability in his arguments regarding the ordinary propriety of summary judgment to resolve exhaustion issues.

As for a likelihood of success on the merits, Plaintiff's prior request proffered nothing other than various medical records to demonstrate his ability to establish the elements of his claims. The Court concluded "[w]hile these may document injury, they do not establish all the elements of deliberate indifference nor do they ascribe any such deliberate indifference to any particular defendant." (Order 3/10/23, Doc. 32 at 1.)

Plaintiff now argues that Defendant Westbrook's actions violated his employer's policy of protecting prisoners, thereby establishing deliberate indifference. (Motion, Doc. 38 at 3.) But a violation of such policies establishes deliberate indifference only if Plaintiff can prove "both (1) that the failure to follow procedure put [Plaintiff] at risk and (2) that [Westbrook] actually knew that his actions put [Plaintiff] at risk." *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014). Plaintiff offers nothing to suggest that such was the case. Moreover, the generalized nature of the policy described by Plaintiff does little to suggest that the policy put Westbrook on notice of any specific potential risk to Plaintiff.

Plaintiff adds nothing to show deliberate indifference by Defendants Giboian and

Diaz, nor does he suggest they were subject to the same policy.  Moreover, Plaintiff fails to suggest that he will prevail in light of the procedural defenses raised in the pending motions.

In sum, Plaintiff continues to show himself well capable of addressing the issues in this case (at least as compared to other prisoners, if not overall), and fails to establish a likelihood of success on the merits.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Appoint Counsel (Doc. 38) is **DENIED WITHOUT PREJUDICE**.

Dated: June 9, 2023

James F. Metcalf
United States Magistrate Judge

21-1890-038o Order 23 06 08 on Motion to Appoint Counsel.docx