Matthew L. Shoger, KS No. 28151
Assistant Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **Benton Gene Baskin,** | ) | |
| | ) | Case. No. CV-21-1890-PHX-SPL (JFM) |
| **Plaintiff,** | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| v. | ) | OF DEFENDANTS' MOTION |
| | ) | FOR RECONSIDERATION |
| **Todd Thomas,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | *(Pro Hac Vice)* |
| | ) | |

In accordance with LRCiv 7.2(b), Defendants (FNU) Giaboian and (FNU) Diaz (the Kansas Department of Corrections (KDOC) Defendants), submit this memorandum, through Assistant Attorney General Matthew L. Shoger of the state of Kansas, in support of their motion for reconsideration under LRCiv 7.2(g). The KDOC Defendants respectfully request that this motion be granted and the judgment regarding exhaustion of remedies (Doc. 40 at 16-19) be reconsidered. The KDOC Defendants state the following in support.[1]

---

[1] The KDOC Defendants recognize that this motion may be dismissed as moot if Plaintiff Baskin fails to respond to the order to show cause within fifteen days (*see* Doc. 40 at 23-24) or that this motion may be transferred along with the case. But they nevertheless file this motion to comply with the fourteen-day deadline for answers or motions for reconsideration after denial of a motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A) ("Unless the court sets a different time"); LRCiv 7.2(g)(2); D. Kan. Rule 7.3 ("unless the court extends the time"). The Court has not currently set a different time for those deadlines.

The judgment stated remedies were not available to Baskin for the following reasons: because HCF staff failed to respond to Baskin's grievances; because Contract Monitor Moore told Baskin on December 30, 2019, that "Administration seemingly did not care to entertain or answer the Grievance"; and because Moore told Baskin, also on December 30, 2019, that he did not need to continue the administrative grievance process before pursuing legal action. (Doc. 40 at 19 (quoting Doc. 1 at ¶ 93).) The judgment said that these matters raised questions of fact about whether the KDOC administrative remedy process was available to Baskin. (Doc. 40 at 19.) The judgment further said that Moore's statements to Baskin on December 30, 2019, raised factual issues about whether Baskin was misinformed by a corrections official about what he needed to do to exhaust. (Doc. 40 at 19.)

If a policy does not instruct a prisoner on what he is to do when a corrections official fails to respond to his grievance, then the remedy may be considered unavailable when that unaddressed circumstance occurs. *See Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (finding a remedy "unavailable" when "the policy [did] not instruct a prisoner on what he is to do when the [department of corrections] fails to respond to his grievance"). But Tenth Circuit precedent establishes that when the regulation explicitly provides for an appeal after a failure to respond (like in K.A.R. 44-15-102(a)(2), (b), (b)(3)(A)(ii), (G), and (c)(1)) that remedies *are* considered available:

> While we agree that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable, [citations omitted] that is not what happened here. . . . [T]he grievance policy contains time limits on responses, and also provides that if an inmate does not receive a response from the warden within thirty days after submission of the grievance, the inmate may send the grievance with evidence of its prior submission to an administrative review authority.

2

> [The inmate] may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default. This would trivialize the Supreme Court's holdings in *Booth* and *Porter* that exhaustion is now mandatory.

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 740 (2001) and *Porter v. Nussle*, 534 U.S. 516, 532 (2002)); *see also Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *3 (D. Kan. Feb. 4, 2021) (discussing the remedy available to KDOC inmates when prison officials do not timely respond); (Doc. 22 at 12 (citing *Lindsey*, 2021 WL 483855, at *3) (same)).

Based on this binding Tenth Circuit precedent, the District of Kansas would have to dismiss this case. And "[t]ransferring a case that would be dismissed does not further the interests of justice." *Brown v. Kimoto*, Civ. No. 08-00055, 2008 WL 647555, at *3 (D. Haw. Mar. 7, 2008), aff'd by 291 F. App'x 50, 51 (9th Cir. 2008); *see also Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992) ("Transfer is . . . improper where the plaintiff fails to make a prima facie showing of a right to relief").

The statements by Moore on December 30, 2019, allegedly occurred *after* "expiration of the answer/appeal time period" for the grievance. (Doc. 22 at 9 (quoting Doc. 1 at ¶ 93).) So Moore's alleged statements could not have affected Baskin's failure to exhaust, as they came after Baskin had already failed to exhaust. Further, Moore allegedly stated that Baskin did not need to continue the administrative grievance process *because* "the time limit to answer and appeal the Grievance had expired." (Doc. 1 at ¶ 93.) Plaintiff *could not* continue the administrative grievance process at that point. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules").

Any confusion that Plaintiff may have had before that point about the grievance process is legally irrelevant. *See Beals v. Jay*, 730 F. App'x 633, 637 (10th Cir. 2018) (holding that a plaintiff cannot "rely on his purported confusion about the grievance process" because "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *see also Ross v. Blake*, 578 U.S. 632, 637, 639, 644, 648-49 (2016) (holding that "reasonable mistake" cannot excuse a prisoner's failure to exhaust but that the sole exception involves only whether administrative remedies were actually available to the inmate); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient."); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim").

LRCiv 7.2(g)(1) requires providing the reasons why any new matters in a motion of reconsideration were not presented earlier. Here, the arguments and authorities in this motion for reconsideration were not presented earlier because they are in response to the judgment's arguments regarding exhaustion, which were not raised in the Complaint, and which the KDOC Defendants have not previously had an opportunity to respond to. The judgment was in clear error for finding remedies unavailable for reasons in direct contradiction with Tenth Circuit precedent, which the District of Kansas would have to follow.

For the reasons above, the KDOC Defendants request that the Court reconsider the judgment regarding exhaustion of remedies (Doc. 40 at 16-19), find that Plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act

(PLRA), and dismiss the KDOC Defendants from this case accordingly.

DATED this 26th day of July, 2023.

Respectfully submitted,

OFFICE OF KANSAS ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Assistant Attorney General Matthew L. Shoger
*Attorney for the KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Courtney Lacaillade, Dana M. Keene, and Daniel P. Struck
Struck Love Bojanowski & Acedo, PLC
3100 W. Ray Road, Suite 300
Chandler, Arizona 85226
*Attorneys for Defendant Westbrook*

I also certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

Benton Gene Baskin #52888
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504
*Plaintiff, pro se*

                                                */s/ Matthew L. Shoger*
                                                Matthew L. Shoger
                                                Assistant Kansas Attorney General