# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Benton Gene Baskin,
Plaintiff
-vs-
Todd Thomas, et al.,
Defendants.

CV-21-1890-PHX-SPL (JFM)

**Order**

Plaintiff seeks a 30-day, first extension of the August 1, 2023 deadline to respond to the Order to Show Cause (Doc. 40) issued July 17, 2023, citing as cause delayed delivery of the Order to Show Cause. (Motion to Extend, Doc. 43.)

In light of the existing delay in the case from the pending Motion for Reconsideration (Doc. 40), and the additional delay likely to result from awaiting additional briefing, the Court finds further briefing unnecessary to a fair adjudication of the motion.

The Motion was received by the Clerk on August 7, 2023. It was dated August 1, 2023, and includes a certification that Plaintiff deposited in the U.S. Mail on that date. Because Plaintiff does not certify that he delivered it to prison officials for mailing, the prison mailbox rule does not apply. Accordingly, the motion is untimely, and may only granted upon a showing of excusable neglect, Fed. R. Civ. P. 6(b), taking into account: (1) the danger of prejudice to the other party; (2) the length of the delay; (3) the potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the movant; and (5) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

The Court finds excusable neglect. Defendants have pending a Motion for

Reconsideration (Doc. 41) of portions of the Order to Show Cause. Thus, no **prejudice** would be expected to result from Plaintiff's delay, and the **judicial proceedings** will not likely be significantly impacted. Plaintiff provides evidence he received the Order on Wednesday July 26, 2023, and submitted for mailing the instant motion on Tuesday, August 1, 2023. Given the ordinary restrictions on inmates in litigating, this **delay** was not long. The **reason** for the initial delay was the delayed delivery. This delay was not reasonably within Plaintiff's **control**. There is no reason to assume Plaintiff is not acting in **good faith**.

However, Plaintiff proffers no good cause to grant any additional time beyond that attributable to the delay in delivery, or an additional nine days (*i.e.* until August 10, 2023) plus a reasonable time for Plaintiff's receipt of the instant Order. By that time, Plaintiff will have had almost four weeks from his receipt of the Order to respond.

**IT IS THEREFORE ORDERED**:

(A) Plaintiff's Motion to Extend (Doc. 43) is **GRANTED**.

(B) Plaintiff has through **August 21, 2023** to respond to the Order to Show Cause (Doc. 40).

Dated: August 9, 2023

21-1890-043o Order 23 08 08 on Motion to Extend.docx

James F. Metcalf
United States Magistrate Judge