Benton Gene Baskin, I/M #52888
Hutchinson Correctional Facility East Unit - E2/#271
P.O. Box 1568
Hutchinson, Kansas 67504
Phone: (620)-625-7295
Fax: (620)-728-3473
E-mail: www.gettingout.com
Plaintiff-Pro se



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benton Gene Baskin,<br><br>        Plaintiff,<br><br>v.<br><br>Todd Thomas, et al.,<br><br>        Defendants. | No. CV-21-01890-PHX-SPL (JFM)<br><br>PLAINTIFF BASKIN'S<br>RESPONSE TO COURT ORDER<br>TO SHOW CAUSE |

Plaintiff Benton Gene Baskin, responds to Court order, and moves to show cause that transfer of this action to the federal district court for the District of Kansas, under 28 U.S.C. § 1404(a), for the convenience of the parties and in the interest of justice would have been timely filed on the same date in the forum of the District of Kansas under the Kansas two-year statute of limitations pursuant to Kansas personal injury statute under K.S.A. 60-513(a). Additionally Plaintiff, respectfully request this Court to find that a prima facie showing has been made to transfer his pro se civil rights action pursuant 42 U.S.C. § 1983, where jurisdiction is proper pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1391(b). (Doc. 40).

In support of this Motion, Plaintiff relies upon the memorandum of points and authorities set forth below.

I.        MEMORANDUM OF POINTS AND AUTHORITIES

Under 28 U.S.C. § 1404(a), "For convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Because this Court lacks personal jurisdiction over Defendants Diaz, Giaboian, and Westbrook in this action, it must determine whether the action should be dismissed or transferred to another Court where jurisdiction is proper. See Hays v. Postmaster General, 868 F.2d 328, 331 (9th Cir. 1989); 28 U.S.C. § 1631. In making this determination, courts consider whether the action would have been timely if it was filed on the same date in the proper forum and, if so, whether it is in the interest of justice" to transfer it. Hays, 868 F.2d at 331.

Plaintiff, asserts under 28 U.S.C. § 1391(b), a civil action can be brought in a federal district in a state where all defendants reside, (2) in a judicial in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if no judicial districts meet these requirements, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Here KDOC Defendants Diaz and Giaboian agree that the District of Kansas meet the above requirements for Plaintiff's claims against them because they reside in Kansas and all the allegations against them occurred in Kansas. (Doc. 22 at 8.) The District of Kansas is also an alternative available forum for Plaintiff's claim against Defendant Westbrook because, even though Westbrook is a resident of Tennessee, not Kansas, a substantial part of the allegations against him occurred in Kansas. "[I]"n a tort action, "in determining where a substantial part of the events giving rise to the claim occurred, "the locus of injury [is] a relevant factor." Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001).

II. PLAINTIFF REQUEST TO TRANSFER ACTION TO THE DISTRICT OF KANSAS

Relevant factors weigh largely in favor of transferring Plaintiff's pro se civil rights action pursuant to 42 U.S.C. § 1983 to the District of Kansas for the convenience of KDOC Defendants Diaz, Giaboian, Westbrook, Witnesses, and Plaintiff Baskin in the interest of justice. See Jones v. GNC Franchising, Inc., 211 F.2d 495, 498-99 (9th Cir. 2000). While Plaintiff's choice of forum should be given deference, the "interest of justice factor is the most important of all." Conte v. Ginsey Indus., 2012 WL 3095019 (D. Ariz. 2012) (quoting Amazon .com v. Cendant Corp., 404 F. Supp. 2d 1256 1261 (W.D. Wash. 2005). "Ultimately, the Court has discretion to adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness." Jones 211 F.3d at 498.

Plaintiff first complained to Defendant Westbrook about his overtight wrist restraints when Westbrook boarded the KDOC transport vehicle at the airport in Salina, Kansas around 8:30 a.m. on October 23, 2019 and identified himself as the TCA supervisor. (Doc. 1 ¶¶ 38-39.) Then, during the next encounter approximately 30 minutes before the prisoners boarded the transport plane, and for an additional 90 minutes before the plane took off around 11:30 a.m., Westbrook and other TCA staff under his direction repeatedly ignored, put off, or denied Plaintiff's requests to loosen his wrist restraints or find him some larger cuffs. (Id. ¶¶ 40-48.) Right before takeoff, Westbrook told Plaintiff, "If you ask me one more time about lo[o]sening those cuffs, I will leave them like they are." (Id. ¶ 49.) Because these actions all occurred in Kansas and resulted in continued pain, swelling and cuts to Plaintiff's Wrist', both throughout and after his flight to Arizona, a substantial part of the events or omissions giving rise to Plaintiff Baskin's claims against Westbrook occurred in Kansas, Where all the actions underlying Plaintiff's claims against KDOC Defendants Diaz and Giaboian also occurred. The District of Kansas is therefore an alternative available forum for

Plaintiff Baskin's claims against all Defendants.

The District of Kansas has personal jurisdiction over KDOC Defendants Diaz and Giaboian, who are Kansas residents, the third option, allowing an action to be brought in "any judicial district in which any defendant is subject to the Court's personal jurisdiction" also makes the District of Kansas an appropriate venue for Plaintiff's claims. 28 U.S.C. § 1391

    a.    Kansas' Interest

Plaintiff Baskin asserts that Kansas has a strong interest in this lawsuit because Plaintiff and KDOC Defendants Diaz and Giaboian are Kansas residents, the primary events underlying Plaintiff's claims occured in Kansas, and Defendant Westbrook conduct in Kansas was substantial. Pursuant to K.S.A. § 60-308(b)(2) Kansas has a strong interest in many of the underlying events in this action.

    b.    Efficient Resolution

Plaintiff Baskin asserts pertinent witnesses are located in Kansas and outside the subpoena power of the District of Arizona, transferring this action to the District of Kansas will facilitate the efficiency and fairness of litigation. Plaintiff Baskin, and KDOC Defendants Diaz and Giaboian are Kansas residents, litigating this action in Kansas promotes convenience for all parties involved, and would be in the interest of justice for effective relief.

    c.    Convenience to Plaintiff

Plaintiff Baskin is a Kansas resident along with KDOC Defendants Diaz and Giaboian, therefore Kansas promotes Plaintiff's interest in convenient and effective relief.

    d.    Transfer to the District of Kansas

Plaintiff Baskin asserts that the District of Kansas, where Baskin resides, is an available alternative forum. KDOC Defendants argue that the District of Kansas is an alternative forum. (Doc. 22 at 15.) The bulk of the underlying

allegations against Defendant Westbrook occurred in Kansas, Baskin suffered psychological pain and physical injuries from being forced to remain in overtight wrist restraints for several hours, during which Defendant Westbrook and KDOC Defendants Diaz and Giaboian were deliberately indifferent to the threat of harm to Baskin's safety, all of the evidence and witnesses reside in Kansas, requiring Baskin to defend this action in the Middle District of Tennessee would be unreasonable. Additionally the interest of justice would be served by the transfer of this action to the District of Kansas.

Dismissal would deprive Plaintiff Baskin's Eighth Amendment claims from being addressed on the merits. Plaintiff request transfer of his pro se civil rights action pursuant to 42 U.S.C. § 1983 to the District of Kansas, and asks the Court to find that a prima facie showing has been established requiring this Court to transfer Plaintiff's claims against KDOC Defendants Diaz, Giaboian, and third Defendant Westbrook to an alternative forum, which is the District of Kansas, for convenient and effective relief, and further find that dismissal is unwarranted.

III.     KANSAS STATUTE OF LIMITATIONS

The statute limiting 42 U.S.C. § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits". Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008) (citations omitted). In Kansas, the limitations statute for personal injury claim is two years. The state statute for personal injury or property damage is K.S.A. § 60-513. Section 60-513(a) provides:

>   that the period of limitations for an action arising out
>   of an injury or detention of property is two-years.

It is well established that actions brought under 42 U.S.C. § 1983, the applicable statute of limitations is the state statute for injury to property or persons. See Eikenberry v. Seward Cnty., Kan., 734 Fed.Appx. 572, 575 (10th Cir. 2018); Ruthrauff, Administratrix v. Kesinger, 214 Kan. 185, Syl. P. 1, 519 P.2d 661 (1974).

Kan. Stat. Ann. § 60-513(b) provides the frame work for when the cause of action accrues for the purpose of starting the two-year period:

> "Except as provided in subsection (c), the course of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitations shall not commence until the fact of injury becomes reasonably ascertainable to [257 Kan. 355] the injured party.

a. Kansas's Pandemic-Related Tolling Rule

The Kansas Supreme Court suspended the running of the statute of limitations on Baskin's pro se civil rights action pursuant to 42 U.S.C. § 1983 claims for a period of time. In 2020 and 2021, the Kansas Supreme Court issued several administrative orders suspending "all statute of limitations" from March 19, 2020 through April 15, 2021. See Administrative Order 2020-PR-032 at 6 (Kan. Apr. 3, 2020), available at https://www.kscourts.org/Rules-Orders/Orders; see also Administrative Order 2021-PR-020 at 2 (Kan. Mar. 30, 2021) (lifting suspension of time limitations April 15, 2021). On the day when this suspension ended, "a person shall have the same number of days to comply with the deadline or time limitation as the person had when the deadline or time limitation was extended or suspended." Kan. Stat. Ann. § 20-172(d)(1).

The Kansas Statute of Limitations two-year period in Plaintiff Baskin's pro se civil rights action was tolled, Baskin's claim accrued on October 23, 2019, to the Kansas Supreme Court's suspension of the statute of limitations on March 19, 2020, a total of 147 days elapsed. Thus when the statute of limitations resumed on April 15, 2021, Plaintiff Baskin had 583 days remaining to file his claim within the statute of limitations. see Kan. Stat. Ann. § 20-172(d)(1) (providing that on the day that the suspension ended, "a person shall have the same number of days to comply with the deadline or time limitation as the person had when the deadline or time limitation was extended or suspended."). The Calendar math required by this suspension period means that Plaintiff Baskin's deadline for filing his claim in the proper forum, the District of Kansas, was December 4, 2022.

Plaintiff Baskin filed his Complaint in the District Court for the District of Arizona, the Complaint was postmarked November 2, 2021, this Court docketed Baskin's Complaint on November 8, 2021. (Doc. 14). Because the date of this filing is within the Kansas Statute of Limitations, this action would have been timely if filed on the same date in the proper forum, District Court for the District of Kansas. Additionally, under the prison mailbox rule, Plaintiff Baskin's Complaint was notarized by KDOC Corrections Counselor I ("KDOC CCI") Leo C. Duran, on October 22, 2021. (Doc. 1 at 28). Baskin then subsequently delivered the pro se civil rights Complaint to KDOC Unit Team Manager ("KDOC UTM") Sarah Roach, on October 22, 2021, for mailing to the Court, via KDOC Account Withdrawal Request ("KDOC AWR") KDOC prison internal mail system for legal mail. See Attached Exhibit A.

Houston v. Lack, 487 U.S. 266, 270-71 (1988). "An inmate who places a federal civil rights Complaint in the prison internal mail system will be treated as having "filed" that Complaint on the date it is given to prison authorities for mailing to the court." Houston 487 U.S. at 276, 108 S. Ct. 2379.

Plaintiff Baskin has made a prima facie showing establishing that his pro se civil rights Complaint would have been timely if originally filed on the same date in the proper forum and that this Court can infer that it is in the interest of justice to transfer it to the District of Kansas. Hays v. Postmaster General, 868 F.2d 328, 331 (9th Cir. 1989).

IV.     EXHAUTION OF ADMINISTRATIVE REMEDIES

Plaintiff Baskin is not required to say anything about exhaustion in his Complaint. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); See Jones v. Bock, 549 U.S. 119, 216 (2007) (failure to exhaust is an affirmative defense and a prisoner is not required to plead or demonstrate exhaustion in his complaint).

1.      Legal Standard

The Prison Litigation Reform Act of 1995 (PRLA) requires a prisoner to exhaust administrative remedies before suing in a federal court. 42 U.S.C. § 1997e(a).

The PRLA's exhaustion requirement is an affirmative defense that a defendant must plead and prove. Jones v. Bock, 549 U.S. 199, 211-17 (2007). "[T]" he defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014). The failure of a defendant to do so results in a waiver of the defense. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005).

KDOC Defendants argue that Plaintiff Baskin failed to exhaust his available administrative remedies before filing this action, so the claims against them should be dismissed pursuant to Rule 12(b)(6) for failure to exhaust and not transferred to the District of Kansas. (Doc. 22 at 9-13, 15.)

KDOC Defendants improperly brought their affirmative defense of administrative exhaustion on a motion to dismiss under 12(b), an unenumerated motion under Fed. R. Civ. P. 12(b) is not the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the Prison Litigation Reform Act (PRLA); 42 U.S.C. § 1997e(a).

To show that a prisoner has failed to exhaust remedies, a defendant will have to present probative evidence on a motion for summary judgment under Fed. R. Civ. P. 56(a). Albino, 747 F.3d at 1169. On a motion for summary judgment under Fed. R. Civ. P. 56, the defendant bears the burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. Albino v. Baca, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); see Brown, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. Id.

A.   AVAILABILITY OF REMEDIES

The PRLA "does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). An administrative remedy becomes unavailable for the purposes of exhaustion if prison officials' actions thwart an inmate's attempt to exhaust. See, e.g., Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); Brown, 422 F.3d at 943 n. 18. Administrative remedies may also be unavailable when prison officials fail to respond to properly filed grievances or fail to abide by internal regulations governing the appeal process. See Nunez 591 F.3d at 1224; Brown 422 F.3d at 937 938, 943 n. 18. The Ninth Circuit has explained that information provided to the prisoner such as response memoranda and regulations or directives that explain the scope of the grievance process, serves to demonstrate whether remedies remained available. Brown, 422 F.3d at 937 ("information provided [to] the prisoner is pertinent because it forms our determination of whether relief was, as a practical matter, 'available'") (internal citations omitted).

A prisoner is only required to exhaust such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). Vaden, 449 F.3d at 1050; Brown, 422 F.3d at 934-35.

This Court correctly inferred that the Kansas Department of Corrections (KDOC) Hutchinson Correctional Facility (HCF) existing and generally available remedies were effectively unavailable to Plaintiff Baskin, while in custody at CoreCivic Sagauro Correctional Center (CSCC) in Eloy, Arizona. KDOC HCF Warden Daniel Schnurr, Kansas Secretary of Corrections Jeff Zmuda, Deputy Secretary of Corrections Joel Hrabe, and other Unit Team or higher ranking prison official whom visited CSCC beginning November 2019 thru December 2019, visually documented Plaintiff Baskin's injuries and were personally provided with evidence of Baskin's grievance(s) and of his intent to file a lawsuit, (Doc. 1 ¶¶¶¶¶ 110, 109, 93, 76, 75.)

Plaintiff Baskin satisfied the KDOC Grievance Procedure pursuant to Kan. Admin. Reg. 44-15-102 (a) Grievance step one: preliminary requirement informal resolution, section a(1)(2) were not completed by KDOC official. (b) Grievance step two: Complaint to KDOC HCF Warden Daniel Schnurr, KDOC prison official Lindsey Wildermuth was responsible for section(s) (b)(1),(A),(B),(C),(E),(2), which were incomplete resulting in a failure to abide by the internal regulation of the policy, (b)(3) KDOC HCF Warden Daniel Schnurr failed to abide by the policy, when no answer was provided deeming section(s) (3)(A)(i),(ii),(B),(C),(D),(E),(F) incomplete, section (G) unavailable, due to the default in steps one and two, Section (C) Grievance step three: appeal to the secretary of corrections Jeff Zmuda, (C)(1) KDOC HCF Warden Daniel Schnurr's answer unsatisfactorly, precludes the administrative remedies.

KDOC prison officials failed to abide by the internal regulations of Kan. Admin. Reg. 44-15-102 governing the administrative remedy and appeal process, thereby rendering KDOC administrative remedies effectively unavailable to Plaintiff Baskin.

KDOC Defendants argument fails and falls under the rulings outlined in Nunez 591 F.3d at 1224; and Brown 422 F.3d at 937, 938, 943 n. 18.

Plaintiff Baskin took various steps to exhaust administrative remedies with respect to his Eighth Amendment Claims, as Baskin properly filed two grievances, and were precluded due to KDOC HCF Prison Officials failure to abide by the internal regulations of Kan. Admin. Reg. 44-15-102.

Plaintiff Baskin moves to make a prima facie showing establishing that KDOC HCF remedies were effectively unavailable to him while in custody at CoreCivic Saguaro Correctional Center (CSCC) in Eloy, Arizona. Additionally KDOC Defendants premature motion to dismiss for failure to exhaust under 12(b) was not the appropriate procedural device for pretrial determination whether Plaintiff Baskin exhausted administrative remedies, and KDOC Defendants failed to present a motion for summary judgment under Fed. R. Civ. P. 56(a), and has failed to plead and prove that an available

administrative remedy was available to Baskin, therefore the KDOC Defendants have waived their affirmative defense of administrative exhaustion.

V. CONCLUSION

For these reasons Plaintiff Baskin respectfully request the Court to find that he has made a prima facie showing, establishing that his pro se civil rights action pursuant to 42 U.S.C. § 1983, would have been timely if originally filed in the proper forum, District of Kansas, under the Kansas Statute of Limitations. Further grant transfer of his claims against KDOC Defendants Diaz, Giaboian, and third Defendant Westbrook to the District of Kansas, and find that the KDOC Defendants waived their affirmative defense of administrative exhaustion, by failing to prove there was an available administrative remedy. Finally Plaintiff Baskin, request the Court to deny the KDOC Defendants motion for reconsideration.

DATED this 18th day of August 2023.

BENTON GENE BASKIN

By *[signature: Benton G. Baskin]*

Benton Gene Baskin, I/M #52888
Hutchinson Correctional Facility East
P.O. Box 1568
Hutchinson, Kansas 67504

Plaintiff-Pro se

I.     Excusable Neglect

Federal Rule of Civil Procedure 6(b)(1)(B), permits a party to extend a deadline after it's expiration upon showing of "excusable neglect." The standard to be applied by the Court under FRPC 6(b)(1)(B) is a liberal one in order to "effectuate the general purpose of seeing that cases are tried on the merits." <u>Ahanehian v. Xenon Pictures, Inc</u>, 624 F.3d 1253, 1258-59 (9th Cir. 2010). "Good cause is a non-rigorous standard that has been construed broadly procedural and statutory contexts." <u>Id</u> at 1259.

Under the "excusable neglect" standard, Plaintiff Baskin shows the Court that:

1. The basis for this filing is excusable neglect based on the Plaintiff's ability to access the HCF East Unit Law Library for the purposes of researching caselaw, rules, utilizing the computer and typewriter to format and perfect his respone and motion to the Court's order to show cause why his pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 should be transferred to the district of Kansas rather than dismissal.

2. The Kansas Department of Corrections (KDOC) newly implemented policy under IMPP 12-139D, Delivery of Legal Mail, hindered and impaired Plaintiff Baskin's ability to receive this Court's order in a timely manner to adhere to the 15 day deadline.

3. Plaintiff Baskin bears the ultimate responsibility for adhering to all court deadlines and in "Good Faith" has completed an appropriate response to this Court's order to show cause, and therefore sincerely apologizes to the Court for any inconveniences occasioned by this filing.

   a.     Prison Mailbox Rule

Plaintiff Baskin's response to Court Order to Show Cause for Transfer or Dismissal: Why his pro se civil rights action pursuant to 42 U.S.C. § 1983 should be transferred to the District of Kansas, instead of Dismissal, (Doc. 40) Was delivered to KDOC Prison Official, Unit Team Counselor Robbin L. Hurt, on August 18, 2023 to be placed in the prison's internal mail system for mailing to to the Court, under the prison mailbox rule, a prisoner's filings are deemed "filed" at the time they are delivered to prison officials for mailing. see Stillman v. LaMarque, 319 F.3d 1199 (9th Cir. 2003).

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August 20 23 . a true and correct copy of the above and foregoing Plaintiff Baskin's Motion Responding to Court's Order to Show Cause, was made by depositing the same in the United States Mail, postage prepaid addressed to the following:

Debra D. Lucas, Chief Executive
District Court Executive/Clerk of Court
Sandra Day O'Connor U.S. Courthouse
Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

Matthew L. Shoger, KS. I.D. #28151
Assistant Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Attorney for Defendants
Diaz & Giaboian

Struck Love Bojanowski & Acedo, PLC
Daniel P. Struck, Bar No. 012377
Dana M. Keene, Bar No. 033619
Courtney Lacaillade, Bar No. 035573
Attorneys for Defendant Westbrook

*Benton G. Baskin*
Benton Gene Baskin, I/M #52888
Plaintiff-Pro se

EXHIBIT A

KANSAS DEPARTMENT OF CORRECTIONS ACCOUNT WITHDRAWAL REQUEST
FOR PRISON'S INTERNAL MAIL SYSTEM FOR LEGAL MAIL

ESTABLISHING THE CIVIL RIGHTS COMPLAINT WAS FILED
ON OCTOBER 22, 2021

# Kansas Department of Corrections
## Account Withdrawal Request
(Complete One Request per Form)
**Attach letter and addressed/stamped envelope when required**

| BASKIN, BENTON G. | 0052888 | H.C.F. CENTRAL | D-1/#215 | 10/21/2021 |
|---|---|---|---|---|
| Printed Name | Number | Facility | Unit/Cell Location | Date |

Please pay the following and charge to my account:

### Outgoing Funds/Donations

**Payable To:**

$ _____ Check Amount

Name: _____
Address: _____
City, State, Zip: _____
Purpose/Inmate Benefit Fund Group: _____

Title of Publication* _____
Frequency – (Circle One)
Yearly  Monthly  Weekly  Daily  Other
Number of Issues _____
Expiration Date _____
Publication Price _____
*Book, Magazine or News Paper (Per IMPP 11-101)

I request the use of Forced Savings as provided in IMPP 04-103, for:
(Documentation Required)

☐ Community Identification
☐ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

---

(To Be Completed by Mailroom)

$ 3.36
Postage Amount

JT
Verified By

**Postage** – (To Be Completed by Inmate)

☐ Postage
☒ Legal/Official Postage (Per K.A.R. 44-12-601)
☐ Certified (Only if Funds are Available)

To:
Name: CLERK, UNITED STATES DISTRICT COURT
SANDRA DAY O'CONNOR U.S. COURTHOUSE, SUITE 130
Address: 401 W. WASHINGTON ST., SPC 1
City, State, Zip: PHOENIX, ARIZONA 85003-2118
Reason: CIVIL RIGHTS COMPLAINT BY PRISONER

---

Benton G. Baskin  10/21/2021
Inmate Signature    Date
Request Receipt

Roay UTM  10/22/21
Unit Team Approval    Date

_____ _____
Handicraft Approval (If Applicable)  Date

_____ _____
Religious Approval (If Applicable)  Date

☐ Applies to Outgoing Funds Limit
☐ Does Not Apply to Outgoing Funds Limit
☐ Use of Forced Savings Approval as requested above

_____ _____
Exception Approval    Date

This withdrawal request is being returned for the following reason(s):

___ Insufficient Funds
___ Signature Missing
___ Exceeds Spending Limit
___ Incentive Level
___ Envelope/Order/Stamp Missing
___ Unauthorized Per IMPP/KAR _____

___ Payee Missing
___ Insufficient Address
___ Amount Missing
___ Name/Number – Do Not Match
___ Illegible Information
___ Other _____

RECEIVED NOV 02 2021 HCF MAIL ROOM

RECEIVED NOV 02 2021 HCF MAIL ROOM

# Account Withdrawal Request
(Complete One Request per Form)
Attach letter and addressed/stamped envelope when required

| BASKIN, BENTON G. | 0052888 | H.C.F. CENTRAL | D-1/#215 | 10/21/2021 |
|---|---|---|---|---|
| Printed Name | Number | Facility | Unit/Cell Location | Date |

Please pay the following and charge to my account:

## Outgoing Funds/Donations

Payable To:
$ _____ Check Amount
Name _____
Address _____
City, State, Zip _____

Purpose/Inmate Benefit Fund Group _____

I request the use of Forced Savings as provided in IMPP 04-103, for:
(Documentation Required)
☐ Community Identification
☐ Civil Filing, Transcript or Subpoena Fees
☐ Reentry into the Community (Warden's Approval Required)

**Postage** – (To Be Completed by Inmate): CLERK, UNITED STATES DISTRICT COURT
To SANDRA DAY O'CONNOR U.S. COURTHOUSE,
Name SUITE 130
401 W. WASHINGTON ST., SPC 1
Address
PHOENIX, ARIZONA 85003-2118
City, State, Zip
CIVIL RIGHTS COMPLAINT BY PRISONER
Reason

(To Be Completed by Mailroom)
$ 3.36 Postage Amount
☐ Postage
☒ Legal/Official Postage (Per K.A.R. 44-12-601)
☐ Certified
(Only if Funds are Available)

Verified By _____

Title of Publication*
Frequency – (Circle One)
Yearly Monthly Weekly Daily Other
Number of Issues _____
Expiration Date _____
Publication Price _____
*Book, Magazine or News Paper
(Per IMPP 11-101)

Benton H. Baskin 10/21/2021
Inmate Signature     Date
Request Receipt

Robert WM 10/22/21
Unit Team Approval    Date

Handicraft Approval (If Applicable) _____ Date _____

Religious Approval (If Applicable) _____ Date _____

☐ Applies to Outgoing Funds Limit
☐ Does Not Apply to Outgoing Funds Limit
☐ Use of Forced Savings Approval as requested above

Exception Approval _____ Date _____

This withdrawal request is being returned for the following reason(s):

___ Insufficient Funds
___ Signature Missing
___ Exceeds Spending Limit
___ Incentive Level
___ Envelope/Order/Stamp Missing
___ Unauthorized Per IMPP/KAR

___ Payee Missing
___ Insufficient Address
___ Amount Missing
___ Name/Number – Do Not Match
___ Illegible Information
___ Other

Account Processor _____   Date Withdrawn _____   Acct. Use _____

1504a

BENTON G. BASKIN, I/M #52888
HUTCHINSON CORRECTIONAL FACILITY CENTRAL
P.O. BOX 1568
HUTCHINSON, KANSAS 67504



First-Class Mail
11/02/2021 $003.36
ZIP 67501
011E11673229

LEGAL MAIL

CLERK, UNITED STATES DISTRICT COURT
SANDRA DAY O'CONNOR U.S. COURTHOUSE, SUITE 130
401 W. WASHINGTON ST., SPC 1
PHOENIX, ARIZONA 85003-2118

