IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 23-3212-JAR-ADM |
| v. | ) |
| | ) |
| TODD THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT WESTBROOK TO PLAINTIFF'S COMPLAINT

Defendant C. Westbrook provides the following Answer to Count II of Plaintiff's Complaint (Doc. 1), as Ordered by the Court's October 4, 2022 Order (Doc. 14):

1. As it relates to Plaintiff's paragraph numbered 2, Defendant denies that the District of Arizona is an appropriate venue for this case, as the Court has already ruled.

2. As it relates to Plaintiff's paragraphs numbered 3 through 6, and 8 through 10, these paragraphs do not relate to this Defendant, and Defendant is therefore without sufficient information or knowledge to form a belief as to their truth or falsity, and denies the same.

3. As it relates to Plaintiff's Paragraph 7, Defendant admits that he was an employee of TransCorp America, LLC ("TransCor"), and that he was involved in the transport of Plaintiff from Salina, Kansas to Arizona. Defendant denies any remaining allegations contained in this Paragraph.

## COUNTS I AND III—PREVIOUSLY DISMISSED

Per the Court's October 4, 2022 Order (Doc. 14), COUNTS 1 AND III have been dismissed without prejudice. Defendant will therefore not Answer these Counts.

## COUNT II

Responding to the "F. Facts" section of Plaintiff's Complaint as these allegations relate to Count II, Defendant provides the following Answer:

1. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraphs 17 through 38 of Plaintiff's Compliant and therefore must deny the same.

2. Defendant denies the allegations contained in paragraphs 39 through 119 of Count II of Plaintiff's Complaint.

3. Defendant denies each and every allegation not specifically admitted above.

## AFFIRMATIVE DEFENSES

1. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant. Specifically, Plaintiff's claims of constitutional deprivation set forth in Count II do not constitute a recognized cause of action against this Defendant, who was employed by a private corporation. *Correctional Services Corp. v. Malesko,* 534 U.S. 61 (2001); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005). There is no right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff. *Id*. Here, Kansas law provides a remedy in state court against private tortfeasors for actions amounting to negligence, which Plaintiff has not pursued. *Peoples*, 422 F.3d at 1105.

2. Plaintiff's claims against Defendant are barred by the applicable statute of limitations, K.S.A. 60-513(a)(4).

3. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), jurisdiction is lacking over this Defendant.

4. To the extent a jury determines that this Defendant was negligent, Defendant requests that the negligence of Plaintiff, as well as the negligence of any other parties or non-parties were involved in the alleged transport of Plaintiff on the date in question,, be compared with the alleged negligence or fault of this Defendant, pursuant to K.S.A. 60-258a, thus barring or reducing any recovery to Plaintiff.

        Respectfully submitted,

        */s/ Thomas A. Rottinghaus*
        Thomas A. Rottinghaus   KS No. 19081
        Wagstaff & Cartmell, LLP
        4740 Grand Avenue, Suite 300
        Kansas City, MO 64112
        Telephone: 816-701-1100
        Facsimile: 816-531-2372
        trottinghaus@wcllp.com
        ATTORNEYS FOR DEFENDANT WESTBROOK

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, and that a copy of this pleading was mailed via first-class mail, postage prepaid, to:

Benton Gene Baskin #52888
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS  67504
Plaintiff, *Pro se*

*/s/ Thomas A. Rottinghaus*
**ATTORNEY FOR DEFENDANT WESTBROOK**