IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  23-3212-JAR-ADM |
| v. ) | |
| ) | |
| TODD THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WESTBROOK'S MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO DISMISS</u>**

Defendant C. Westbrook, by and through counsel, hereby Moves the Court to dismiss Count II of Plaintiff's Complaint (Doc. 1) on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.  Fed. R. Civ. P. 12(b)(6).  Count II of the operative Complaint, asserting a claim for violation of Plaintiff's Eighth Amendment rights (which the Court has previously construed as a claim for "threat to safety for failure to protect" (Doc. 14)), cannot proceed against this Defendant since (a) Defendant is an employee of a private prisoner/detainee transportation entity and (b) Kansas law authorizes an alternative state law cause of action that Plaintiff could have chosen to pursue.  *See Peoples v. CCA Detention Centers*, 422 F3d 1090, 1101 (10th Cir. 2005).

**PROCEDURAL BACKGROUND**

On November 8, 2021, Plaintiff Benton Gene Baskin, a Kansas prisoner who was confined in the Saguaro Correctional Center (SCC) in Eloy, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of Arizona arising out of injuries sustained by Plaintiff during his transport from prison in Kansas to Arizona on

October 23, 2019. (Doc. 1). The original three-count complaint set forth claims for denial of constitutionally adequate medical care, threat to safety, and Eighth Amendment deliberate indifference against several defendants. (Doc. 14, p. 3).

The Court entered an Order on October 4, 2022 dismissing Defendants Todd Thomas, Gerald Walker, Marci Gottfredson, and Daniel Schnurr. (Doc. 14, p. 14). The Court further dismissed Counts I and III of the Complaint as they relate to Defendants Giaboian, Diaz, and Charles Westbrook. (Doc. 14, p. 14) The remaining Defendants were ordered to Answer Count II of the Complaint.

Defendant Westbrook was--and is--an employee of TransCor America, LLC ("TransCor"), a Tennessee limited liability company with its principal place of business and corporate headquarters in Nashville, Tennessee. (Doc. 20, p. 5). At the time of the incident at issue, TransCor was acting pursuant to a contract with the Kansas Department of Corrections to transport (via charter flight) approximately 120 inmates from Kansas to SCC in Arizona. (Doc. 20, p. 8, n. 7).

Defendant Westbrook moved to dismiss Plaintiff's complaint for lack of personal jurisdiction, improper venue, and statute of limitations on January 1, 2023. (Doc. 20). By Order of the Court, this case was transferred from the District of Arizona to the District of Kansas on September 21, 2023. (Doc. 50). Defendant filed his Answer to Count II of the operative Complaint on October 5, 2023, asserting, among other defenses, that Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 57). Defendant has filed a Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and files this Memorandum in Support contemporaneously with his Motion to Dismiss.

## ARGUMENT AND AUTHORITIES

Plaintiff's Complaint fails to plead an established cause of action against this Defendant, who is employed by a private entity, pursuant to 28 U.S.C. Section 1331. "The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights." *Hunt v. CoreCivic Rebrands*, 23-3204-JWL, 2023 WL 6064612 at *2 (D. Kan. Sept. 18, 2023) (citing *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-73 (2001)). "The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was 'employment status,' *i.e.*, whether the defendants were 'personnel employed by the *government* [or] personnel employed by a *private* firm.'" *Dixon v. CoreCivic*, 19-3028-SAC, 2019 WL 6052423 at *2 (D. Kan. Nov. 15, 2019) (citing *Minneci*, 565 U.S. at 126). "The Supreme Court rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of Bivens liability." *Id.* (citing *Minneci*, 565 U.S. at 126-27).

In *Minneci*, the Supreme Court explained that in the case of a privately employed defendant, state tort law remedies provide similar incentives for defendants to comply with the Eighth Amendment. 565 U.S. at 130. Courts in this district have recognized that Kansas is a state whose tort law system reflects the general principles of state tort law that were recognized in *Minneci*. *See, e.g., Dixon*, 19-3028-SAC, 2019 WL 6052423 at *2 (citations omitted). Plaintiff's remedy, if any, against Defendant Westbrook was therefore a state court action for negligence or intentional tort. *See id.* at *2 (citing *Lindsey v. Corrections Corp. of America*, No. 07-3067-EFM, 2009 WL 2703691, at *7 (D. Kan. Aug. 25, 2009); *Menteer v. Applebee*, No. 04-3054-MLB, 2008 WL 2649504, at *8-9 (D. Kan. June 27, 2008).

Case 5:23-cv-03212-JAR-ADM   Document 60   Filed 10/25/23   Page 4 of 5

## **CONCLUSION**

For the above stated reasons, Plaintiff has not stated a claim upon which relief can be grated against Defendant Westbrook in this Court. Therefore, his Complaint should be dismissed.

Dated this 25th day of October 2023.

Respectfully submitted,

*/s/ Thomas A. Rottinghaus*
Thomas A. Rottinghaus          KS No. 19081
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
Facsimile: 816-531-2372
trottinghaus@wcllp.com
ATTORNEYS FOR DEFENDANT WESTBROOK

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, and that a copy of this pleading was mailed via first-class mail, postage prepaid, to:

Benton Gene Baskin #52888
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS  67504
Plaintiff, *Pro se*

/s/ *Thomas A. Rottinghaus*
**ATTORNEY FOR DEFENDANT**
**WESTBROOK**