UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  23-3212-JAR-ADM |
| | ) |
| | ) |
| TODD THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter comes before the court on pro se plaintiff Benton Gene Baskin's Motion for Appointment of Counsel.  (ECF 61.)  Baskin is a prisoner in the Hutchinson Correctional Facility who requests that the court appoint an attorney to represent him in this civil rights case brought pursuant to 42 U.S.C. § 1983.  This is the fourth such motion that Baskin has filed.  For the reasons explained below, the motion is denied without prejudice to refiling after the district judge rules on any forthcoming summary judgment motions.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).  However, Congress has provided courts with the statutory authority to appoint counsel in certain circumstances.  For example, Title VII of the Civil Rights Act of 1964 ("Title VII") provides courts with the discretionary authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1).  Another statutory basis for appointment of counsel authorizes the court to appoint counsel for a plaintiff proceeding *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(1).  But Baskin does not assert Title VII claims, and he is not proceeding IFP.  Although he filed a motion to proceed IFP, that motion was denied as deficient, and the court gave him the option to either pay the $350 filing fee and $52

administrative fee or file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.  (ECF 6, 11.)  Baskin chose to pay the filing and administrative fees.  (ECF 12, 13.)

Despite this, Baskin cites 28 U.S.C. § 1915(e)(1) as his basis for seeking appointment of counsel.  (ECF 61, at 1.)  Even if he were proceeding IFP, appointment of counsel under § 1915(e)(1) is not warranted here.  The statute provides the district court with "discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam).  But the court must also be mindful that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).  In deciding whether to appoint an attorney to represent an indigent party, the court considers: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.*

As stated above, this is Baskin's fourth motion requesting that the court appoint an attorney to represent him.  When Baskin originally filed this action in the United States District Court for the District of Arizona, he moved for appointment of counsel on November 8, 2021, based on his indigence, his incarceration, the need for research and investigation, and the complexity of the issues.  (ECF 3.)  The court denied the motion, finding no exceptional circumstances existed and

that "Plaintiff is in no different position than many pro se prisoner litigants." (ECF 6, at 2-3.) Baskin filed another motion to appoint counsel on March 7, 2023, arguing that exceptional circumstances warranted appointment. (ECF 29.) The court denied this motion, finding that Baskin had not shown a likelihood of success on the merits or complexity of the issues. In denying the motion, the court noted that "the inconveniences of his incarceration, including limited research resources and access, and limited technical assistance . . . are neither exceptional, nor do they show a complexity of the issues, as opposed to the complexity of litigating." (ECF 32, at 1-2.) The court also noted Baskin's "high level of capability in marshalling law and facts in his filings." (*Id.* at 2.)

Three months later, on June 6, Baskin filed a third motion for appointment of counsel, citing his inability to retain counsel, the inconveniences of his incarceration and the resulting impact on his ability to conduct research and investigations (including the limited legal resources (research and word processing) available to him), the need to respond to the motions to dismiss and/or transfer, and a likelihood of success and complexity of the issues. (ECF 38.) Reiterating the court's prior conclusions that (1) Baskin "had not shown a likelihood of success on the merits," (2) "the issues in this case are not complex," and (3) "the inconveniences of Plaintiff's incarceration do not render them complex," the court found that Baskin's professed need for counsel to respond to the motions to dismiss was not persuasive because "such motions are routine in prisoner civil rights cases" and the one non-routine jurisdictional issue in the motions is "not complex." (ECF 39, at 1-2.) Moreover, the court noted that Baskin "continues to show himself amply capable of addressing issues of such complexity, including by inserting issues developed by Plaintiff on his own." (*Id.* at 2.) The court also analyzed the likelihood of Baskin's success on

3

the merits and found he was not likely to establish deliberate indifference by the defendants or to overcome the procedural defenses raised in defendants' motions to dismiss. (*Id.* at 2-3.)

In September, following the court's order concluding that it lacked personal jurisdiction and venue over Baskin's claims (ECF 40), the case was transferred to the United States District Court for the District of Kansas. (ECF 50.) Baskin then filed his fourth motion to appoint counsel on October 26. (ECF 61.) The present motion makes largely the same arguments that the magistrate judge in the District of Arizona previously considered and rejected when he denied Baskin's prior motions. The court denies the present motion for the same reasons set forth in the previous orders denying appointment of counsel. The only difference is that this case has now been transferred to this court and just entered the discovery stage. But propounding and responding to discovery in a prisoner civil rights case is not complex, and Baskin has shown himself to be capable of communicating with the court, marshalling law and facts, and presenting his case without the aid of counsel, particularly given the liberal standards governing pro se litigants. The court has no doubt he can adequately participate in discovery and respond to the one pending motion to dismiss by defendant Westbrook. Furthermore, the district judge assigned to this case should have little trouble discerning the applicable law, and this case does not appear to present any atypical or complex legal issues. On balance, the relevant factors weigh against appointment of counsel under § 1915(e)(1) even if Baskin had been granted IFP status. For these reasons, the court denies his motion.

That said, the undersigned recognizes that Baskin may be able to develop a stronger record favoring appointment of counsel at a later stage in this case. To that end, the court denies Baskin's motion without prejudice to refiling after the district judge rules on any forthcoming summary

5

judgment motions. The court will summarily deny any further motions for appointment of counsel filed before then.

**IT IS THEREFORE ORDERED** that Plaintiff Benton Gene Baskin's Motion for Appointment of Counsel (ECF 61) is denied without prejudice to refiling after the district judge rules on any forthcoming summary judgment motions.

**IT IS SO ORDERED.**

Dated October 31, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
