IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENTON G. BASKIN,

    Plaintiff,

v.

TODD THOMAS, GERALD WALKER,
MARCI GOTTFREDSON, (fnu)
WESTBROOK, DANIEL SCHNURR, (fnu)
GABOIAN, and (fnu) DIAZ,

    Defendants.

Case No. 5:23-CV-3212-JAR

## MEMORANDUM AND ORDER

Plaintiff Benton G. Baskin, an incarcerated person in the Kansas Department of Corrections ("KDOC"), brings this action *pro se* against Defendants Todd Thomas, Gerald Walker, Marci Gottfredson, Charles Westbrook,[1] Daniel Schnurr, (fnu) Gaboian,[2] and (fnu) Diaz. Defendants Thomas, Walker, Gottfredson, and Schnurr have been dismissed from this suit.[3] The remaining defendants are Westbrook, an employee of TransCor America, LLC ("TransCor"), and two employees of Hutchinson Correctional Facility ("Hutchinson")—Gaboian and Diaz. Plaintiff alleges that all Defendants violated his Eighth Amendment rights by leaving him in overly-tight wrist restraints during a prisoner transport from Hutchinson to Core Civic Saguaro Correctional ("Saguaro"), in Arizona.

---

[1] Defendant Westbrook is listed as (fnu) Westbrook on the docket sheet. However, Westbrook has identified himself as "Charles Westbrook" so the Court uses this name for the purposes of this Order. Doc. 60 at 2.

[2] Defendant Gaboian's name is spelled Giaboian on the docket sheet and in Plaintiff's Complaint, but Gaboian has noted in his pleading that the correct spelling of his name is "Gaboian." Doc. 58 at 1.

[3] Doc. 14.

This suit has been transferred from the District of Arizona and the only matter before the Court is Westbrook's Motion to Dismiss (Doc. 59) for failure to state a claim. The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, the Court first construes Westbrook's motion as a motion for judgment on the pleadings, and then denies it.

## I.     Legal Standard

Westbrook filed the instant motion to dismiss on October 25, 2023, twenty days after he filed his Answer.[4] Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss.[5] However, because Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon which relief can be granted" within a Rule 12(c) motion for judgment on the pleadings,[6] the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c).[7] Westbrook's motion is cognizable under Rule 12(c) because all defendants have filed an answer and the pleadings are closed.[8] Moreover, the distinction between the two motions is purely formal, because courts must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion.[9] Therefore, the Court will treat

---

[4] Doc. 57.

[5] *See* Fed. R. Civ. P. 12(b) (a motion asserting defense of failure to state a claim "must be made before pleading if a responsive pleading is allowed."); *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 809 n.3 (10th Cir. 2021) (noting that it was procedural error for a district court to consider a Rule 12(b)(6) motion in part because the movant "waived the right to file a Rule 12(b) motion by filing an answer."); 5B Charles Alan Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 1357 at 408 (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely.").

[6] Fed. R. Civ. P. 12(h).

[7] *Helm v. Kansas*, No. 08-2459-JAR, 2009 WL 2168886, at *1 (D. Kan. Jul. 21, 2009); *Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002).

[8] *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings."); *City of Santa Fe*, 993 F.3d at 809 n.3 ("[A] Rule 12(c) motion would have been premature because the pleadings were not closed where the other two defendants filed Rule 12(b) motions and had not filed answers . . . ."); *see also Gorenc v. Klaassen*, No. 18-2403, 2019 WL 2523566, at *2 (D. Kan. Jun. 19, 2019) (listing authorities to show that the pleadings are not considered "closed" until all defendants have filed an answer).

[9] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("We review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal." (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000))); *see also Fisher v. Lynch*, No. 07-2154, 2008 WL 2152053, at *1 (D. Kan.

Westbrook's post-answer motion to dismiss as if it had been styled a Rule 12(c) motion for judgment on the pleadings.

To survive a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c), a complaint must satisfy the familiar plausibility standard from Fed. R. Civ. P. 12(b)(6).[10] In other words, a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[11] and must include "enough facts to state a claim for relief that is plausible on its face."[12] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[13] The court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[14]

Finally, because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis. The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[15] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with

---

May 21, 2008) ("A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).").

[10] *See Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[12] *Id.* at 570.

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[15] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

pleading requirements."[16] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[17]

## II.     Background

The following facts are alleged in Plaintiff's Complaint.[18] For the purpose of deciding this motion, the Court assumes these facts to be true.

Plaintiff was incarcerated in Hutchinson until October 23, 2019. On that date, Plaintiff was transferred to Saguaro. As part of this transfer, all prisoners were confined with waist, wrist, and ankle restraints. Gaboian placed the restraints on Plaintiff, and Plaintiff immediately requested that they be loosened because they were too tight and he could not raise his arms to eat his lunch. Gaboian refused to loosen Plaintiff's restraints. Diaz also ignored Plaintiff's request to loosen his restraints. By this point, Plaintiff's arms were beginning to swell and the wrist restraints were cutting into his skin. Plaintiff was eventually transported to Salina airport, at which point he had been confined in the overly-tight restraints for about five hours.

After arriving at the airport, Westbrook and another TransCor employee boarded the KDOC transport vehicle. Westbrook identified himself as the supervisor. At this point, Plaintiff told Westbrook that he was in pain and asked Westbrook to loosen his restraints. Westbrook did not loosen the restraints. Through the process of boarding, departing, flying to Arizona, deboarding, and transportation to Saguaro, Plaintiff asked Westbrook several more times to loosen his restraints. Westbrook grew frustrated with Plaintiff and, despite attempting to address the issue once, never succeeded in loosening Plaintiff's restraints. Plaintiff remained in his

---

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Id.*

[18] Doc. 1.

overly-tight restraints, with swollen arms and cut wrists, until he passed through security at his final destination, Saguaro.

Plaintiff filed this action in the U.S. District Court for the District of Arizona. On the first page of his Complaint, Plaintiff checked a box indicating that the court had jurisdiction over his suit pursuant to 42 U.S.C. § 1983. Plaintiff has since been returned to the custody of KDOC and his suit was transferred to the District of Kansas on September 22, 2023.

### III. Discussion

Westbrook asserts that Plaintiff's claims against him must be dismissed because he is not amenable to suit under *Bivens*.[19] *Bivens* actions are the federal corollary to 42 U.S.C. § 1983 suits; they provide a mechanism for injured individuals to directly sue the federal employees who violated their constitutional rights.[20] However, this is not a *Bivens* action because Plaintiff brought suit under 42 U.S.C. § 1983.[21]

Pursuant to § 1983, any person who "under color of . . . [law] . . . subjects, or causes to be subjected . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."[22] Unlike *Bivens* actions, § 1983 suits provide a remedy for state prisoners who sue private employees, or private corporations, if the party acts under color of state law.[23]

Since Plaintiff sued under § 1983, the Court liberally construes Plaintiff's Complaint as alleging that all Defendants are state actors or were otherwise acting under color of state law.

---

[19] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[20] *See id.* at 397.

[21] Doc. 1 at 1.

[22] 42 U.S.C. § 1983.

[23] *See Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) ("We have long assumed that employees of a private prison act under color of state law for purposes of § 1983 suits by inmates.").

Westbrook has not presented an argument to the contrary, as his motion to dismiss is based on a misapprehension of the law.  Westbrook's motion is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Westbrook's motion to dismiss (Doc. 59), which the Court construes as a motion for judgment on the pleadings, is **denied**.

**IT IS SO ORDERED.**

Dated: January 16, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE