## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BENTON GENE BASKIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 23-3212-JAR-ADM** |
| ) | |
| **TODD THOMAS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ———————————————————) | |

## MOTION FOR LEAVE TO FILE MOTION
## FOR SUMMARY JUDGMENT OUT OF TIME

Defendants Armen Gaboian and Javier Diaz (the "KDOC Defendants") respectfully request leave to file the attached Motion for Summary Judgment (Exhibit AA) and its accompanying Notice to Pro Se Litigant (Exhibit BB) out of time.

1. This case was transferred from the District of Arizona to the District of Kansas in late September 2023. (Doc. 51.)

2. The undersigned counsel received multiple notifications and documents from both courts related to that transfer in late September 2023. (*See* Docs. 50-54; *Baskin v. Thomas*, No. 21-1890-PHX-SPL (JFM) (Doc. 50 and docket).)

3. After the transfer, the KDOC Defendants timely filed an answer on October 19, 2023, following Federal Rule of Civil Procedure 12(a)(4)(A). (Docs. 55, 58.)

4. The KDOC Defendants have also filed all earlier documents in this case in a timely manner. (*See* Docs. 18-19, 21-22, 40-41; Doc. 42 at 1 n.1.)

5. The undersigned counsel watched for a Scheduling Order after filing an answer. The undersigned counsel did not consider that a Scheduling Order might have been issued prior to any answers being filed, which is what occurred in this case.

(Doc. 54.) This appears to be an unusual situation, which the undersigned counsel and other attorneys in his office have not run into before.

6.  The Scheduling Order on September 29, 2023, provided a deadline of February 23, 2024, for submitting a proposed pretrial order. (Doc. 54 at 3.) Depending on whether a proposed pretrial order was submitted, the Scheduling Order provided a deadline of either February 23, 2024, or March 22, 2024, for submitting dispositive motions. (Doc. 54 at 3.)

7.  Missing the proposed-pretrial-order and dispositive-motion deadlines in the scheduling order was completely unintentional, and it was not caused by Gaboian or Diaz. The undersigned counsel just realized two days ago that the Scheduling Order was issued prior to any answers being filed.

8.  This office is experiencing a significant staffing shortage. Presently half of the attorney positions in the Defensive Litigation Division are vacant, with only two support staff. Only three attorneys and one support staff have been with the office for more than a year. In the last year, three attorneys have left the office, which means the workload for those remaining increased in order to handle the cases previously assigned to those attorneys. Insufficient support staff results in attorneys performing tasks normally assigned to support staff, which reduces the amount of time available to devote to the cases assigned to them.

9.  The undersigned counsel has been working on a Motion for Summary Judgment since the case was transferred, including collecting declarations from eight declarants (including current and former KDOC employees and medical personnel), relevant excerpts from the Plaintiff's medical records, the rulebook

inmates had at the time of the events in the complaint, a relevant policy document, and the plaintiff's grievance history. The undersigned counsel experienced some difficulty in gathering evidence, which prolonged the time to produce a Motion for Summary Judgment. The Motion for Summary Judgment is now ready to file and is attached (except for the sealed exhibits) as Exhibit AA, along with a Notice to Pro Se Litigant, also ready to file, attached as Exhibit BB.

10. Pursuant to Fed. R. Civ. P. 6(b)(1)(B), "the court may, for good cause, extend the time: . . . (B) on a motion made after the time has expired if the party failed to act because of excusable neglect."

11. As the Supreme Court recognized, "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation omitted).

12. The courts consider several factors in determining what actions constitute excusable neglect. These factors are: "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-2591-KHV, 2010 WL 1881058, at *2 (D. Kan. May 10, 2010) (citing *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008)).

13. In the similar cases of *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988), and *Scott*, 2010 WL 1881058, at *1 to *4, the Tenth Circuit and

this Court found excusable neglect when counsel or someone in counsel's office unintentionally overlooked a case document received in a stack of documents and the deadline stemming from that document.

14. In *Hancock*, 857 F.2d at 1396, the Tenth Circuit noted:

> [The defendant] was not herself guilty of any dereliction. A 'mistake' was made in her attorney's office in overlooking the motion for summary judgment, a mistake that could occur in any office, no matter how well run. Counsel's mistake was but a single incident, completely unintentional and not contumacious in nature. Further, when the mistake was discovered, counsel acted promptly.

15. There will be no prejudice to Plaintiff if defendants are permitted additional time to respond. No parties, including Plaintiff or Defendant Westbrook, have filed motions for summary judgment or have proposed a pretrial order, and no trial or pretrial conference has been scheduled. It appears that other parties may have also overlooked the relatively early Scheduling Order.

16. Any delay caused by this mistake is *de minimis.* If this motion is granted, the KDOC Defendants' Motion for Summary Judgment will be filed instanter. And this motion is being filed within the alternative deadline for dispositive motions contemplated by the scheduling order for if a proposed pretrial order had been submitted.

17. This was not a malicious or egregious error caused by misinterpretation or disregard for the Court's rules. To the contrary, the error was caused by excusable neglect and was made in good faith. Granting this motion will not prejudice plaintiff or delay resolution of this matter.

18. The KDOC Defendants have not conferred with the Plaintiff in this matter.

19. The KDOC Defendants have not previously received an extension of time with

regard to this deadline.

20. The KDOC Defendants did receive a 14-day clerk's extension for their answer deadline earlier in this case. (Doc. 55.)

21. The Plaintiff has received two 30-day extensions of time and one 21-day extension of time in this case. (Docs. 28, 34, 44.)

22. The KDOC Defendants respectfully request that this motion be granted and an order entered allowing them to file the attached Motion for Summary Judgment instanter.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Thomas A. Rottinghaus
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
*Attorney for Defendant Westbrook*

I also certify that a copy of the above will be served by means of first-class mail, postage prepaid, addressed to:

Benton Gene Baskin #52888
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS  67504
*Plaintiff, pro se*

/s/ Matthew L. Shoger
Matthew L. Shoger
Assistant Attorney General