UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   23-3212-JAR-ADM |
| ) | |
| ) | |
| TODD THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

## AMENDED SCHEDULING ORDER

Pro se plaintiff Benton Gene Baskin ("Baskin") filed this civil-rights lawsuit in the District of Arizona on November 8, 2021, for injuries he allegedly sustained during his transport from the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, to the CoreCivic Saguaro Correctional Center ("SCC") in Eloy, Arizona, and the alleged lack of medical care he received after he arrived at SCC.  On September 23, 2023, the case was transferred from the District of Arizona to the District of Kansas, and this court then entered a scheduling order.  (ECF 54.)  This matter now comes before the court on defendant C. Westbrook's ("Westbrook") Motion to Modify Scheduling Order.  (ECF 67.)  As explained below, the motion is granted as modified.

The court entered the operative scheduling order on September 29, 2023, which was one week after this case was transferred from the District of Arizona to the District of Kansas.  The scheduling order required the parties to file any motion to amend or motion for protective order by November 29; file any motion to dismiss by December 29; serve expert disclosures by November 29 (plaintiff) and December 29 (defendants); depose plaintiff by December 29; serve any discovery requests by January 19, 2024; and file dispositive motions by February 23 (if no proposed pretrial order is submitted).  (ECF 54.)  Westbrook's motion explains that his counsel took over the case

after it was transferred, and he did not realize the court had entered the scheduling order on September 29, which was before Westbrook's counsel entered his appearance and filed Westbrook's answer on October 5. (*See* ECF 54, 56, 57.) By the time Westbrook's counsel realized this error, nearly all scheduling order deadlines had passed. So Westbrook now asks the court to extend many of the scheduling order deadlines, including the deadlines in Paragraphs 3-6, 9 and 10 of the scheduling order. Co-defendants Giaboian and Diaz do not oppose Westbrook's motion but would seek to stay any discovery related to Baskin's claims against them, as they have filed a motion for leave to file their summary judgment motion out of time. Although Westbrook states he has not been able to reach Baskin through his unit supervisors at HCF, he "assumes that the interests of a continuance from the current deadlines equally impacts and benefits" Baskin because Baskin himself served written discovery requests outside of the timeframe set forth in the Scheduling Order (ECF 67, at 2 & n.1), to which Westbrook responded on March 28 (ECF 68).

The court finds that Westbrook has demonstrated good cause for the requested extensions, so the court will extend the scheduling order deadlines as they relate to Baskin's claims against Westbrook only. The court is not extending the schedule as to defendants Giaboian and Diaz because they do not seek an extended discovery period; it appears that they instead seek summary judgment on Baskin's claims against them without the need for discovery. The court therefore grants Westbrook's motion, as modified to account for the additional time between the motion's filing and when Baskin's time to respond to the motion lapsed. The court therefore resets the following deadlines and settings as they relate to Baskin's claims against Westbrook only:

| Event | Deadline/Setting |
|---|---|
| ¶ 3: Motion for protective order | **April 29, 2024** |
| ¶ 4: Serve discovery requests | **April 29, 2024** |

| | |
|---|---|
| ¶ 5: Plaintiff's expert disclosures | **May 15, 2024** |
| ¶ 5: Westbrook's expert disclosures | **May 15, 2024** |
| ¶ 6: Deposition of plaintiff | **May 15, 2024** |
| ¶ 9: Jointly proposed pretrial order | **June 14, 2024** |
| ¶ 10: Dispositive motions (e.g., summary judgment) if parties do not submit proposed pretrial order | **May 31, 2024** |
| ¶ 10: Dispositive motions (e.g., summary judgment) if parties submit proposed pretrial order | **June 28, 2024** |

The court cautions the parties that it is unlikely to grant any further extensions of the case schedule. While the court understands the rationale and need for the current extension, the schedule in this case has become rather protracted. This court is required to construe and administer the Federal Rules "to secure the just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1. An unnecessarily drawn-out case schedule does not further these goals. Therefore, the court will not grant any further extensions of case management deadlines absent truly extraordinary circumstances.

All other provisions of the original scheduling order remain in effect. The schedule adopted herein shall not be modified except by leave of court upon a showing of good cause.

**IT IS THEREFORE ORDERED** that defendant Westbrook's Motion to Modify Scheduling Order (ECF 67) is granted, and the schedule is amended as set forth above.

**IT IS SO ORDERED.**

Dated April 9, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge