IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-3212-JAR-ADM |
| v. ) | |
| ) | |
| TODD THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WESTBROOK'S MOTION FOR ORDER FOR RELEASE OF
CONFIDENTIAL RECORDS AND PROTECTED HEALTH INFORMATION, AND
ALLOWING *EX PARTE* INTERVIEWS WITH HEALTH CARE PROVIDERS**

Defendant Westbrook respectfully requests this Court's Order for the release of confidential inmate records and protected health information, including medical records and inmate files, and for *ex parte* interviews with Plaintiff's health care providers. Defendant states the following in support of this Motion:

**Position of Parties (Pursuant to Local Rule 7.1)**

Pursuant to Local Rule 7.1, Defendant Westbrook has communicated with Plaintiff and counsel for Co-Defendants regarding this Motion. It is Defendant's understanding that Plaintiff has not taken a position on whether he opposes this Motion as of the time of filing. Co-defendants do not oppose this Motion.

**Nature of the Matter Before this Court**

Plaintiff Benton G. Baskin, an incarcerated person in the Kansas Department of Corrections ("KDOC"), brings this action *pro se* against Defendants Westbrook, an employee of TransCor America, LLC ("TransCor"), and two employees of Hutchinson Correctional Facility

("Hutchinson")—Gaboian and Diaz. (Doc. 65)  Plaintiff alleges that all Defendants violated his Eighth Amendment rights by leaving him in overly-tight wrist restraints during a prisoner transport from Hutchinson to Core Civic Saguaro Correctional in Arizona. (Doc. 65)  He alleges that he sustained injuries to his arms and wrists, including cuts and bleeding. (Doc. 1, ¶ 100.)  Plaintiff seeks compensatory and punitive damages. (Doc. 1, ¶ 114, 116)

## Order Requested

Defendant Westbrook seeks an Order allowing the disclosure of confidential personal and health information, consistent with the Health Insurance Portability and Accountability Act ("HIPAA"), which specifically provides that otherwise protected health care information can be disclosed in accordance with a court order. 45 C.F.R. § 164.512(e)(1)(i).  The proposed Order also permits—but does not require—healthcare providers to participate in *ex parte* communications if they agree to do so.  This Order will allow Defendant to expeditiously obtain relevant inmate files and records relevant to the issues in this case.

## Legal Argument

The proposed order is consistent with Kansas law and the Health Insurance Portability and Accountability Act ("HIPAA"), which specifically provides that otherwise protected health care information can be disclosed in accordance with a court order. 45 C.F.R. § 164.512(e)(1)(i). The proposed order protects health care providers from running afoul of HIPAA by releasing otherwise protected health care information in the absence of a court order.

### Records Subject to Order

Entry of this requested Order will allow Defendant to obtain records (including confidential inmate records and medical records) necessary to prepare his defense to Plaintiff's claims.  Defendant will also be able to share such records with Plaintiff (as previously requested in Plaintiff's discovery

requests) after obtaining relevant records.[1] Without an Order for collection of relevant records, Plaintiff and Defendants will be without access to key evidence in this case.

*Ex parte* Communications Are Permitted, but not Required

The proposed order does not purport to *require* treating healthcare providers to participate in *ex parte* communications, but allows Plaintiff's healthcare providers to participate in *ex parte* communications if they agree to do so. This does not run afoul of HIPAA because HIPAA does not prohibit such interviews. *See* 14 C.F.R. §164.512(e)(1)(i).

This Court and others in the District of Kansas have routinely considered and approved the practice of allowing defense counsel to participate in *ex parte* interviews with the plaintiff's treating physician, if the treating physician consents. *See, e.g.*, *Reyes v. Apex Trucking, Inc.*, No. 2:20-CV-02435, 2021 WL 259406 at *1 (D. Kan. Jan. 26, 2021) (Mitchell, A.); *D.M. ex rel. Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG, 2018 WL 6696561, at *1-*4 (D. Kan. Dec. 20, 2018) (Gale, J.);,*Guarnotta v. Ashcom*, 2018 U.S. Dist. LEXIS 90684 (D. Kan. May 31, 2018); *Guarnotta v. Ashcom*, No. 18-1099-EFM-GEB, 2018 WL 2445033, at *2-*3 (D. Kan. May 31, 2018) (Birzer, J.); *Becker v. Estivo*, No. 14-2531-JAR-JPO, 2015 WL 758220, at *2 (D. Kan. Feb. 23, 2015) (O'Hara, J.); *Williamson v. Joslin*, No. 15-2657-JWL-TJJ, 2015 WL 5125421, at *2-*3 (D. Kan. Sept. 1, 2015) (James, J.); *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *1 (D. Kan. July 15, 2013) (Sebelius, J.); *Pratt v. Petelin*, No. 09-2252-CM-GLR, 2010 WL 446474, at *1 (D. Kan. Feb. 4, 2010) (Rushfelt, J.); *Sample v. Zancanelli Mgmt. Corp.*, 2008 U.S. Dist. LEXIS 13674, *7 (D. Kan. Feb. 21, 2008) (recognizing that *ex parte* communications with treating physicians has routinely been permitted in this district both before

---

[1] For example, Plaintiff has requested the "institutional/prison records of Plaintiff at CoreCivic's Sagauro Correctional Center, as well as records from TransCor America. Defendant has responded that he does not have legal authority to obtain these records without an authorization and/or Order of the Court.

and after HIPAA took effect).

*Ex parte* consultation with willing health care providers is simply another appropriate way to obtain health information that would have been protected from disclosure, but for plaintiff's claims in this case. This is especially important where limited deposition discovery is permitted, such as in this case. "Informal discovery is both expedient and less expensive than formal discovery, and therefore should be encouraged, not discouraged." *Sample*, 2008 U.S. Dist. LEXIS 13674 at *3.

Under Kansas law, the physician-patient privilege does not exist where the patient has put his medical condition at issue by filing a medical malpractice lawsuit. *See* K.S.A. 60-427(d) ("There is no privilege … in an action in which the condition of the patient is an element or factor of the claim or defense of the patient or of any party claiming through or under the patient…."). "The issue is not waiver or partial waiver, there is simply no privilege available to the plaintiff." *Bryant*, 136 F.R.D. at 491. *See also State v. Campbell*, 210 Kan. 265, 281, 500 P.2d 21 (1972) (citing K.S.A. 60-427(d)). "One party generally may not limit the access of the other party to factual witnesses. The Court believes that both parties should have unfettered access to fact witnesses and that informal discovery from these witnesses should be encouraged." *Bryant*, 136 F.R.D. at 488 – 89.

**Conclusion**

For the reasons set forth above, Defendant Westbrook respectfully requests that the Court enter the requested Order which will be simultaneously submitted to the Court for consideration at the time of this filing.

Respectfully submitted,

*/s/ Thomas A. Rottinghaus*
Thomas A. Rottinghaus    KS No. 19081
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
Facsimile: 816-531-2372
trottinghaus@wcllp.com
ATTORNEYS FOR DEFENDANT WESTBROOK

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April 2024, I served the foregoing document on counsel of record for co-Defendants via electronic mail and on Plaintiff at the following address:

Benton Gene Baskin #52888
Hutchinson Correctional Facility East
P.O. Box 1568
Hutchinson, KS  67504
Plaintiff, *Pro se*

*/s/ Thomas A. Rottinghaus*
**ATTORNEY FOR DEFENDANT WESTBROOK**