# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BENTON GENE BASKIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case. No. 23-3212-JAR-ADM |
| ) | |
| **TODD THOMAS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## JOINT MOTION TO ENTER PROTECTIVE ORDER

COME NOW Defendants, and with their Joint Motion to Enter Protective Order state:

1. The parties have conferred, and Defendants jointly agree and stipulate to the need for a Protective Order to govern this case.

2. It may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action.

3. For instance, Plaintiff's medical records, Kansas Department of Corrections records, and records from Saguaro Correctional Center, and TransCorp will be relevant evidence in this case.

4. Defendants agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only to prosecute or defend this action, any related actions, and any appeals.

5. Defendants therefore jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

6. The Defendants state that good cause exists for the entry of a Protective Order so as to protect from unnecessary disclosure to the public the following categories of records:

    a. Plaintiff's medical records;

    b.  Kansas Department of Corrections security records, policies, and protocols;

    c.  Saguaro Correctional Center security records, policies, and protocols;

    d.  TransCor America security records, policies, and protocols; and

    e.  All documents protected under HIPAA and any other applicable state or federal laws.

7. Defendants specifically request that the following documents and materials produced in discovery or utilized in motions be deemed within the scope of the Protective Order:

    a.  All documents and materials produced in discovery, including disclosures, discovery responses, deposition testimony, and exhibits, and information derived from them (collectively "documents") concerning "Confidential Information" or "Attorney's-Eyes-Only Information."

    b.  "Confidential Information" would be defined as information that the producing party designates in good faith and has been previously maintained in a confidential manner that should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or might cause harm to the interests of the disclosing party or nonparties.

    c.  "Attorney's-Eyes-Only Information" would be defined as Confidential Information that the producing party designates in good faith should also be protected from disclosure to and use by the parties because its disclosure and use are restricted by statute or might cause harm to the interests of the disclosing party or nonparties.

8. Defendants further request that the parties be permitted to designate documents as containing Confidential Information or Attorney's-Eyes-Only Information and therefore

subject to protection under the Protective Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" ("the marking") on the document and on all copies in a manner that will not interfere with the document's legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

9. Defendants request that documents labeled "Confidential" and not designated as "attorney's eyes only" may only be disclosed to the parties, agents, and representatives; counsel for the parties; the Court and Court personnel; Court reporters; any mediator appointed by the court or selected by the parties; any retained expert witness; any fact witness; the author or recipient of any "Confidential" document; independent providers of litigation services; and other persons upon consent of the parties.

10. Defendants request that documents labeled "Attorney's Eyes Only" may only be disclosed to counsel for the parties; the Court and Court personnel; and other persons upon consent of the parties; not to the parties, including unrepresented inmate parties.

**SUGGESTIONS IN SUPPORT**

Defendants are aware that there is a presumption exists in favor of public access and open and public judicial proceedings in the federal courts. However, strong privacy interests in this case support a protective order to govern medical and security records, as well as protocols for outside institutions not a party to this case. For instance, "Plaintiff [has] significant privacy interests in his medical records. Disclosure of Plaintiff's unredacted medical records would be sufficient to establish a private harm that would overcome the public's right of access to judicial records." *See Robinson v. Holmes*, No. 21-2602-DDC, 2022 WL 17569954, at *1 & n.6 (D. Kan. Nov. 1, 2022).

Some internal records, policies, and procedures governing institutions such as the Kansas

3

Department of Corrections, Saguaro Correctional, and TransCor, involve safety-sensitive information important to prison security, such as policies involving secure transportation of prisoners, and should not be viewed by inmates or by the general public. For security reasons, Plaintiff cannot view or possess these documents. *See*, *e.g.*, *Dudley v. Warren*, No. 22-3188-JWL (D. Kan. Jan. 24, 2023) (Doc. 30) (sealing a security-related prison policy and not allowing the plaintiff to view or possess it); *see also Martinez v. True*, 128 F. App'x 714, 716 (10th Cir. 2005) (affirming judgment based on an in-camera review of "confidential prison materials").

WHEREFORE, the Defendants respectfully request the Court's entry of a Protective Order and are submitting a proposed Protective Order contemporaneously with the filing of this Motion.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

and

WAGSTAFF & CARTMELL, LLP

By: /s/ Thomas A. Rottinghaus
Thomas A. Rottinghaus   KS Bar No. 19081
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100
trottinghaus@wcllp.com
*Attorney for Defendant Westbrook*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

> Thomas A. Rottinghaus
> Wagstaff & Cartmell, LLP
> 4740 Grand Avenue, Suite 300
> Kansas City, MO 64112
> *Attorney for Defendant Westbrook*

I also certify that a copy of the above along with the proposed protective order will be served by means of first-class mail, postage prepaid, addressed to:

> Benton Gene Baskin #52888
> Hutchinson Correctional Facility
> P.O. Box 1568
> Hutchinson, KS  67504
> *Plaintiff, pro se*

I further certify that the proposed protective order will be served by email to ksd_mitchell_chambers@ksd.uscourts.gov.

> */s/ Matthew L. Shoger*
> Matthew L. Shoger
> Assistant Attorney General