UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BENTON GENE BASKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  23-3212-JAR-ADM |
| | ) | |
| | ) | |
| TODD THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court on Defendant Westbrook's ("Westbrook") Motion for Order for Release of Confidential Records and Protected Health Information and Allowing *Ex Parte* Interviews with Health Care Providers.  (ECF 72.)  By way of this motion, Westbrook asks the court to enter an order authorizing the release of plaintiff Benton Gene Baskin's ("Baskin") confidential inmate records and protected health information ("PHI") and authorizing *ex parte* interviews with Baskin's health care providers.  As explained below, Westbrook's motion is denied— without prejudice to refiling—for essentially three reasons.

First, Westbrook's motion does not establish that the parties adequately met and conferred about the discovery at issue before Westbrook filed his motion, as required by D. KAN. RULE 37.2. Westbrook's motion states that, "[p]ursuant to Local Rule 7.1, Defendant Westbrook has communicated with Plaintiff and counsel for Co-Defendants regarding this Motion" and, while co-defendants do not oppose the motion, "[i]t is Defendant's understanding that Plaintiff has not taken a position on whether he opposes this Motion as of the time of filing."  (ECF 72, at 1.)  Discovery disputes are not ripe for motion practice until the parties have exhausted all reasonable efforts to resolve their disputes without court intervention.  In this case, the extent to which Westbrook and

Baskin have met and conferred is unclear and, moreover, the extent to which they have a dispute concerning Westbrook's request is unclear. Westbrook's motion is therefore denied because the parties have not yet adequately met and conferred regarding the discovery issues raised in the motion.

Second, Westbrook's motion is denied because the parties are required to participate in a pre-motion discovery conference before a party files a disputed, discovery-related motion. If the parties are unable to resolve their disputes after meeting and conferring, they are directed to email the undersigned's chambers to request a discovery conference. At that time, the court will discuss the issues with the parties, explore their respective positions, and determine the extent to which the issues may be resolved expeditiously without the need for formal motion practice. In the court's experience, these discovery conferences tend to drastically reduce the time and expense associated with discovery motions by often resolving disputes entirely or at least narrowing and focusing the issues for motion practice. If, at that discovery conference, it becomes clear that the parties are at an impasse and the issues will require formal motion practice, the court will consult with the parties to set expedited briefing deadlines and shortened page limits to get the issues teed up and decided quickly so that they do not bog down the case schedule.

Third, Westbrook's motion is denied because the proposed authorization is overbroad and not proportional to the needs of the case. Here, Westbrook's proposed authorization is directed to "All Prisons, Correctional Facilities, Hospitals, Clinics, Pharmacies, Physicians, Social Workers, Psychiatrists, Psychologists, Therapists, Governmental Agencies (State and Federal); All Other Medical Institutions, Practitioners, Health Care Providers; and All Employers, Past and Present" and seeks "any and all confidential inmate records and medical records of any type or nature whatsoever and/or any protected health information within your care, custody, or in any manner

concerning, Benton G. Baskin." As this court has observed in previous orders, any proposed authorization must—at a bare minimum—be narrowly tailored to target relevant information that is proportional to the needs of the case. *See, e.g.*, *Rodriguez v. Safeco Ins. Co. of Am.*, No. 21-1086-DDC-ADM, 2021 WL 2290808 (D. Kan. June 4, 2021) (denying without prejudice the parties' Joint Motion for an Order Authorizing Inspection and Reproduction of Medical and Protected Health Information and Waiver of Physician-Patient Privilege because their proposed order was not narrowly tailored to target relevant information); *Reyes v. APEX Trucking, Inc.*, No. 20-2435-TC-ADM, 2021 WL 259406 (D. Kan. Jan. 26, 2021) (denying plaintiff's motion for protective order seeking to prohibit *ex parte* communications between defense counsel and his healthcare providers, but declining to enter defendants' proposed authorization order due to its overbreadth); *Alley v. Shelter Mut. Ins. Co.*, No. 20-1260-SAC-ADM, 2021 WL 8892879 (D. Kan. Jan. 15, 2021) (denying defendant's unopposed motion for order for inspection of records, including medical and employment records and PHI, because the proposed order was "exceedingly broad without explaining the relevance of the bulk of the requested information, particularly that of highly sensitive records").

In *Rodriguez*, for example, the undersigned acknowledged that a court may enter an order authorizing the release of PHI pursuant to 45 C.F.R. § 164.512(e)(1)(i), but noted that "courts are still bound by the scope of discovery in the Federal Rules of Civil Procedure," and therefore any order authorizing the release of PHI must be limited to records and information that are both relevant to the case and proportional to the needs of the case. *Rodriguez*, 2021 WL 2290808, at *1. Moreover, the authorization must be carefully scoped to ensure that health records subject to certain statutory and regulatory protections beyond those afforded by HIPAA are not disclosed—unless Westbrook can demonstrate such records are relevant and proportional to the needs of the

case. Likewise, any authorization for *ex parte* interviews with Baskin's health care providers must be limited to target only relevant and proportional information and providers. *Id.* at *2. Westbrook's proposed authorization is not narrowly tailored in this respect.

For all of these reasons, Westbrook's motion is denied, but it is denied without prejudice. Westbrook may file a renewed motion seeking entry of an order releasing Baskin's confidential records and PHI and authorizing *ex parte* interviews with Baskin's healthcare providers. But, before doing so, he must (1) narrow the motion to address the concerns raised in *Rodriguez*, *Reyes*, and *Alley*, (2) meet and confer with Baskin to try to reach agreement regarding the scope of the proposed authorization, and (3) if no agreement is reached, request a pre-motion conference with the undersigned. The court is likely to set any such pre-motion conference live and/or via Zoom. If a motion is ultimately filed following the conference, it will need to establish the relevance of the scope of the confidential inmate records and protected health information sought, clearly set forth the scope of the authorized *ex parte* communications, and attach a revised proposed order that comports with all applicable statutes and regulations.

**IT IS THEREFORE ORDERED** that Defendant Westbrook's Motion for Order for Release of Confidential Records and Protected Health Information and Allowing *Ex Parte* Interviews with Health Care Providers (ECF 72) is denied without prejudice.

Dated April 12, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
