## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BENTON GENE BASKIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-3212-JAR-ADM** |
| | ) | |
| **TODD THOMAS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MOTION TO SEAL OR REDACT

Defendants Armen Gaboian and Javier Diaz (the "KDOC Defendants"), through Assistant Attorney General Matthew L. Shoger, move to seal or redact two exhibits to their Motion for Summary Judgment. Specifically, the KDOC Defendants move to seal Exhibits I and J (Docs. 76 & 76-1) in their entirety in accordance with D. Kan. Rule 5.4.2. These exhibits were provisionally filed under seal. Exhibit I will be provided to the plaintiff, but should be sealed from public view due to it containing confidential medical records. Exhibit J should be sealed from the plaintiff and from public view due to it containing a confidential prison policy important to the safety and security of correctional facilities. The KDOC Defendants also request that Exhibit J be designated as "attorney's eyes only" for other parties (that is, Defendant Westbrook) in accordance with Defendants' jointly proposed protective order (*see* Doc. 73) or under such terms as the court may set. This designation is unopposed by Defendant Westbrook.

Although a presumption exists in favor of public access, strong privacy interests in this case support sealing these medical and security records. Regarding Exhibit I: "Plaintiff [has] significant privacy interests in his medical records. Disclosure of Plaintiff's unredacted medical records would be sufficient to establish a private harm that would overcome the public's right of access to judicial records." *See Robinson v. Holmes*, No. 21-2602-DDC, 2022 WL 17569954, at

*1 & n.6 (D. Kan. Nov. 1, 2022). And Exhibit J is Internal Management Policy and Procedure (IMPP) 12-110A, which involves safety-sensitive, secure-transportation policies important to prison security that cannot be viewed by inmates or by the general public. For security reasons, Plaintiff cannot view or possess this policy. *See* Ct.'s Order, *Dudley v. Warren*, No. 22-3188-JWL (D. Kan. Jan. 24, 2023) (Doc. 30) (sealing a security-related prison policy and not allowing the plaintiff to view or possess it); *see also Martinez v. True*, 128 F. App'x 714, 716 (10th Cir. 2005) (affirming judgment based on an in-camera review of "confidential prison materials"). Therefore, the potential risks of harm outweigh the public interest in accessing the information.

This case involves a pro se plaintiff serving a sentence of incarceration. Although the Office of the Kansas Attorney General has not consulted with the Plaintiff regarding this motion, due to the reasons incorporated above, the Plaintiff should not be granted access to Exhibit J. The KDOC Defendants provided to the Plaintiff a copy of Exhibit I along with the KDOC Defendants' Motion for Summary Judgment.

For the above reasons, the KDOC Defendants request that Exhibits I and J be sealed or redacted in their entirety. The KDOC Defendants additionally request that Exhibit J be designated as "attorney's eyes only" in accordance with Defendants' jointly proposed protective order (*see* Doc. 73) or under such terms as the court may set.[1]

---

[1] The "attorney's eyes only" designation is only currently relevant to Defendant Westbrook because, as stated earlier in this motion, Plaintiff should not be granted access to Exhibit J. Although Plaintiff has not yet reviewed Defendants' jointly proposed protective order or taken a position on whether he supports or opposes it, the "attorney's eyes only" provisions in it are needed for Exhibit J, which forms part of the KDOC Defendants' Motion for Summary Judgment due April 12, 2024. Because the "attorney's eyes only" provisions in the protective order are needed for Exhibit J, the Defendants went ahead and proposed the protective order on April 12, 2024. Defendants briefly discussed the matter with Plaintiff the morning of April 12, 2024. Defendants anticipate that Plaintiff will indicate any opposition to the proposed protective order in a response to Defendants' Joint Motion to Enter Protective Order (Doc. 73).

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Thomas A. Rottinghaus
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
*Attorney for Defendant Westbrook*

I also certify that a copy of the above will be served by means of first-class mail, postage prepaid, addressed to:

Benton Gene Baskin #52888
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS  67504
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General