# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-3212-JAR-ADM |
| | ) |
| TODD THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the court on defendants' Joint Motion to Enter Protective Order. (ECF 73.)[1] For the reasons discussed in further detail below, defendants' motion is denied without prejudice.

FED. R. CIV. P. 26(c) states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish good cause, a party must provide "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). For a court to find that limiting the dissemination of items and information received in discovery is warranted, the parties must explain how disclosure of the information will result in a clearly defined and very serious injury. Merely reciting the types of documents the parties consider confidential that will be the subject of discovery—as defendants have done here— is not enough to establish good cause for a protective order.[2] Defendants may renew their motion

---

[1] The Joint Motion never defines "Defendants," but the court notes that the motion is signed by counsel for defendants Diaz and Giaboian and by counsel for defendant Westbrook.

[2] For example, defendants' motion states only that a protective order is necessary to protect plaintiff's "privacy interests" in his medical records and to protect records of the Kansas

and submit a revised proposed protective order that explains, using specific facts, why a protective order is necessary under Rule 26(c) and what injury would result without a protective order. The explanation(s) must be sufficient to cover each of the categories of documents that defendants seek to protect.

Additionally, both the Federal Rules and this District's Local Rules require a motion for a protective order to be accompanied by a certification that the movant has conferred, or attempted to confer, in good faith with the opposing party to resolve the dispute without court action. FED. R. CIV. P. 26(c)(1); D. KAN. RULE 37.2. Defendants' motion states that "[t]he parties have conferred, and Defendants jointly agree and stipulate to the need for a Protective Order to govern this case." (ECF 73 ¶ 1.) Defendants' reference to "the parties" does not clarify whether defendants conferred with *plaintiff* or if they conferred amongst themselves. Prior to filing any renewed motion, defendants must at least attempt to confer with plaintiff, if they have not already, regarding their proposed protective order and give plaintiff the opportunity to review the proposed protective order and actually agree with it.

Lastly, any revised version of defendants' proposed protective order submitted with a renewed motion must accurately reflect whether all parties agree to its provisions. Here, defendants have used the District's standard form protective order. That form order contemplates that the parties have conferred and reached agreement as to all terms, and therefore a number of paragraphs contain language reciting that this is the "parties' request" or that "the parties agree" or the like. *See, e.g.*, Intro ("In support of the parties' request, they assert that it will be necessary

---

Department of Corrections, Saguaro Correctional Center, and TransCor for "security reasons." (ECF 73, at 3-4.) But defendants do not provide particular and specific facts as to how disclosure of these documents would result in a clearly defined and very serious injury to plaintiff or to the Kansas Department of Corrections, Saguaro Correctional Center, and TransCor.

during discovery to disclose certain confidential information relating to the subject matter of this action."), ¶ 7 ("The parties understand that the requested documents may be filed under seal only with the Court's permission after proper motion."), ¶ 13 ("This Order is entered based on the parties' representations and agreements to facilitate discovery."); ¶ 16 ("The parties agree to extend the provisions of this Protective Order to Confidential Information produced by third parties . . . ."). If plaintiff has not weighed in on the proposed protective order, any language regarding the parties' agreements is inaccurate. Unless and until plaintiff has had an opportunity to review the proposed protective order and actually agree with it, any revised version of defendants' proposed protective order submitted with a renewed motion must omit all references suggesting that "the parties" agree or understand or make this request.

Defendants may file a renewed motion in accordance with this order. If defendants file a renewed motion, they must also submit their proposed protective order in Word format as an attachment to an email sent to *ksd_mitchell_chambers@ksd.uscourts.gov*.

**IT IS THEREFORE ORDERED** that defendants' Joint Motion to Enter Protective Order (ECF 73) is denied without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to plaintiff Benton Gene Baskin by regular mail.

**IT IS SO ORDERED.**

Dated April 17, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge