Benton Gene Baskin, I/M #52888
Hutchinson Correctional Facility East Unit
P.O. Box 1568
Hutchinson, Kansas 67504
Phone: (620)-625-7295
Fax: (620)-728-3473
E-mail: KDOC court file hcf@ks.gov
Plaintiff Pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-3212-JAR-ADM |
| TODD THOMAS, et al., | ) |
| Defendants. | ) |

PLAINTIFF'S MOTION OF OPPOSITION TO KDOC DEFENDANTS
MOTION FOR SUMMARY JUDGMENT

Plaintiff Benton Gene Baskin respectfully request and moves the Court to deny Kansas Department of Corrections ("KDOC") Defendants Armen Gaboian and Javier Diaz Motion for Summary Judgment, additionally Plaintiff asks that the Court grant him the opportunity for Discovery to present information that is essential to his Opposition, and/or grant Summary Judgment in his favor pursuant Fed. R. Civ. P. 56(d), (f).

The Plaintiff shows by declaration, why facts precluding summary judgment cannot be presented and attaches it in support of opposition and states below the following:

I. BACKGROUND

Plaintiff Benton Gene Baskin, a Kansas Department of Corrections ("KDOC") inmate who was Interstate Corrections Compact (ICC") transferred and confined in CoreCivic Saguaro Correctional Center ("CSCC") in Eloy, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendant

-1-

Defendant Charles K. Westbrook and ("KDOC") Defendants Armen Gaboian and Javier Diaz, based on their acts of cruel and unusual punishment, unecessary waton infliction of pain, and deliberate indifference resulting from the actions of Gaboian placing the wrist restraints on him overly tight for hours during his ground transport from Hutchinson Correctional Facility Central ("HCF-C") to the Salina Airport, ("SA") in Salina, Kansas, on October 23, 2019, and the actions of Diaz and Defendant Westbrook during air transport to CoreCivic Sagauro Correctional Center ("CSCC") in Eloy, Arizona, for repeatedly failing to adjust Plaintiff's restraints for hours causing injuries to Baskin's wrists in violation of the Eighth Amendment. Plaintiff Baskin filed the pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Arizona, case number 2:21-cv-01890-PHX-SPL(JFM) on October 22, 2021, but was not received by the Court on or around November 8, 2021. (Doc. 1). On Statutory screening of Prisoner Complaint pursuant to 28 U.S.C. 1915A(a). The Court held that Plaintiff sufficiently alleges facts to support that Defendants Gaboian, Diaz, and Westbrook acted with deliberate indifference to a threat to Plaintiff's safety by repeatedly failing to adjust Plaintiff's restraints, particularly the failure to adjust his wrist restraints for hours. (Doc. 14). ("KDOC") Defendants Gaboian and Diaz filed motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to exhaust administrative and not transfer to the District of Kansas (Doc. 22 at 9 -13, 15.) and Motion for reconsideration of motion to dismiss. Both Motions were denied. (Doc. 40, 41, 42, 50.). ("KDOC") Defendants attempt to revisit Plaintiff's alleged failure to exhaust administrative remedies in their motion for summary judgment, Honorable Steven P. Logan, United States District Judge for the District of Arizona, construed the factual allegations in Plaintiff's favor. The Court held because the District of Kansas has personal jurisdiction over ("KDOC") Defendants, who are Kansas residents, the third option, allowing an action to be brought in any judicial district in which any defendant is subject to the Court's

-2-

personal jurisdiction also makes the District of Kansas an appropriate venue for Plaintiff's claims pursuant to 28 U.S.C. 1391(b). The Case was transferred to the United States District Court for the District of Kansas on September 23, 2023, case number 5:23-cv-3212-JAR-ADM (Doc. 51, 52.) This Court then entered a scheduling order. (ECF 54.). The Court entered the operative scheduling order on September 29, 2023, The Scheduling order required the parties to file any motion to amend or motion for protective order by November 29; file any motion to dismiss by December 29; serve expert disclosures by November 29 (plaintiff) and December 29 (defendants); depose plaintiff by December 29; serve any discovery requests by January 19, 2024; and file dispositive motions by February 23, 2024 (if no proposed pretrial order is submitted.) Defendant Westbrook and ("KDOC") Defendants Gaboian and Diaz missed the scheduling order deadlines. Defendant Westbrook filed Motion to Modify Scheduling Order, ("KDOC") Defendants Gaboian and Diaz did not oppose Westbrook's motion but sought to stay any discovery related to Baskin's claims against them and filed a motion for leave to file summary judgment motion out of time. The Court granted Westbrooks motion to modify scheduling order deadlines, The Court did not extend the Schedule as to Gaboian and Diaz. (ECF 54, 67.) The Court granted ("KDOC") Defendants Gaboian and Diaz motion to file summary judgment out of time. (ECF 68.).

Plaintiff Baskin has not had the opportunity to make full discovery and currently awaits to receive discovery from ("KDOC") Defendants Gaboian and Diaz.

Plaintiff Baskin now files his Motion Opposing ("KDOC") Defendants Motion for Summary Judgment and seeks summary judgment against ("KDOC") Defendants in favor of Plaintiff on his Constitutional claims.

Plaintiff medical record as reflected by ("CSCC") Health Care Providers reveal anatomical drawings that indicate injuries to both of Baskin's wrists including bruises, blisters, and abrasions, but does not accurately depict his

-3-

injuries at the time of his arrival at ("CSCC") on October 23, 2019, Due to negligence and denial of adequate medical care that was not provided by ("CSCC") Health Services, allowing scabbing and pigmentation to occur on Baskin's wrists before medical screening. Baskin requested and was denied/deprived from receiving photo documentation via ("CSCC") Security Threat Group Lt. Perez and Health Services Administrator Ms. E. Barajas. See attached Exhibit aa ("CSCC") Inmate Request Form.

Defendant Diaz entered the rear cabin of the Transport vehicle before departure from ("HCF-C") to open caged seats to accomodate seating for inmates, and contrary to ("KDOC") Diaz violated it's said safety and security policy, which he states for security reason entering the rear cabin is prohibited by policy. additionally Baskin's restraints were not checked after each leg of the ("KDOC") ground transport from ("HCF-C") to El Dorado Correctional Facility Central ("EDCF-C") and final destination Salina Airport ("SA") in Salina, Kansas, as averred by Diaz, further Diaz fails to identify prison officials whom can verify said assertion.

The ("KDOC")--Defendants are not entitled to summary judgment and are not exempt from civil liability and do not enjoy the protections of Qualified Immunity under the Eleventh Amendment. ("KDOC") Defendants Diaz and Gaboian's conduct violated Baskin's Eighth Amendment Constitutional Right to the United States Constitution, which prohibits cruel and unusual punishment that was clearly established at the time of the violation, Baskin has established an Eighth Amendment violation, District Court for the District of Arizona denied ("KDOC") Defendants failure to exhaust administrative remedies claim and subsequent reconsideration motion. Baskin suffered pain and injuries that were more than "de minimis" and he required immediate medical attention, ("KDOC") Defendants Gaboian and Diaz acted with a sufficiently culpable state of mind, --one of deliberate indifference to Baskin's safety. Therefore, Baskin is entitled to punitive and compensatory damages due to the requisite subject intent.

II.     LEGAL STANDARDS

When a Plaintiff proceeds pro se, the Court construes his or her filings liberally, but does not assume the role of an advocate. Hall v. Bellmon, 935 F.2d 1106 1110 (10th Cir. 1991). Under D. Kan. 56.1(d) The Court recognizes that pro se litigants should not succumb to summary judgment merely because they fail to comply with the technical requirements involved in defending such a motion. See Woods v. Roberts, No: 94-3159, 1995 WL 65457, at *2 (10th Cir. Feb. 17, 1995); Hass v. U.S. Air Force, 848 F. Supp 926, 929 (D. 1994).

The Tenth Circuit has held that the general principle of Rule 56(d) is that "summary judgment" [should] be refused where the non-moving party has not had the opportunity to discover information that is essential to his opposition. Price v. W. Res. Inc., 232 F.3d 779, 783 (10th Cir. 2000) (qouting Anderson v. Liberty Lobby Inc., 447 U.S. 242, 250 n. 5 (1986).

Federal Rule of Civil Procedure 56(d) provides: "If a non-movant shows by affidavit or declaration that for specified reasons it cannot present facts essential to justify it's opposition, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order."

III.    A Genuine Issue of Material Fact Exists

Plaintiff refers the Court to the facts provided in his verified Complaint (Doc. 1.) and attached Declaration, to establish that a genuine issue of material fact exists as to the proximate cause of ("KDOC") Defendants Gaboian and Diaz, deliberate indifference to a threat to Baskin's safety in violation of the Eighth Amendment's--prohibition of cruel and unusual punishment, Baskin is incarcerated under conditions posing a substantial risk of serious harm and that ("KDOC") Defendants Gaboian and Diaz had a sufficiently culpable state of mind, one of deliberate indifference when applying the wrists restraints and refused to adjust as evidence by the statement Gaboian made in (¶¶ 20, 21) sarcastically stating

that the cuffs were not built for comfort, and in an rude and aggressive tone gave Plaintiff Baskin, a direct order to board the transport vehicle. Diaz and Gaboian acted with a sufficiently culpable state of mind by failing to adjust or apply the correct restraints thereby willingly and knowingly the potential Harm the wrist restraints could inflict upon Baskin. The material facts are genuine given that a reasonable jury could render a verdict for Plaintiff Baskin.

ARGUMENTS AND AUTHORITIES

Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. McCoy v. Meyers, 887 F.3d 1034, 1044 (10 Cir. 2018). The Court must view the record in light most favorable to the party opposing the motion for summary judgment. Deep Water Investments Ltd. v. Jackson Hole Ski Corp, F.2d 1105, 1110 (10th Cir. 1991). Viewing the record in light most favorable to the Plaintiff as the non-moving party would be reversible error for the Court to grant summary judgment for the defendants, because there exists a genuine issue as to the proximate cause of deliberate indifference to a threat to Plaintiff's safety. The movant must demonstrate an entitlement to summary judgment beyond a reasonable doubt. Ellis v. El Paso Nat. Gas Co. 759 F.2d 884 (10th Cir. 1980).

Given the issues presented in Defendants motion for summary judgment, would be premature without an opportunity for discovery. Cf Celotex Corp. v. Cartrett, 477 U.S. 317, 327 106 S. Ct. 2548, 91 L. Ed. 265 (1986) ("any potential problem with such premature motions can be adequately dealt with under Rule 56(f); which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the non-moving party has not had an opportunity to make full discovery.")

> IV.  Baskin's Eighth Amendment claims must prevail because the KDOC Defendants are not protected by Qualified Immunity, Baskin suffered injuries more than de minimis, Defendants Gaboian and Diaz acted with a sufficient culpable state of mind.

A.  KDOC Defendants cannot be entitled to absolute immunity

As the Supreme Court has directed, qualified immunity should protect "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

B.  Gaboian and Diaz acted with a sufficient culpable state of mind and were deliberately indifferent to a threat to Baskin's safety by repeatedly failing to adjust his wrist restraints, particulary the failure to adjust his wrist restraints for hours.

The United States District Court for the District of Arizona held that the KDOC Defendants acted with deliberate indifference to a threat to Baskin's safety. (Doc. 14). A prison officials "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 [511 U.S. 829] U.S. (1976). A "failure to protect" claim under the Eighth Amendment requires an inmate to show (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that The prison official has "a sufficiently culpable state of mind,"--one of "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotations omitted).

C.  Baskin suffered injuries that were more than de minimis.

The Eighth Amendment protects inmates from cruel and unusual punishments" U.S. amend VIII. The primary concern of the drafters was to outlaw torture and barbarous methods of punishment. Estelle v. Gamble, 492 U.S. 97, 102 (1976). To prevail on his excessive force claim Baskin moves to show and prove an objective and a subjective element. To revover on his handcuffing claim, Baskin must show that the force used was more than reasonably necessary and "some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional." Cortez, 478 F.3d at 1129 n. 25 (emphasis added). As we explained, "unduly tight handcuffing can constitute excessive force where a plaintiff alleges

-7-

some actual injury from the handcuffing and alleges that an officer ignored a Plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight." Id. at 1129. In Young v. Martin (3rd Cir. 2015) an appeal court applied the excessive force test when a prisoner was forced into a restraint chair and remained there naked for fourteen hours.

On October 23, 2019, Beginning at 3:00 a.m. to 4:30 p.m., Baskin was cuffed in a punitive manner under extreme conditions when he was forced to travel via ground transport from HCF-C, to EDCF-C, and Salina Airport, Notwithstanding, air travel during flight to Mesa Airport in Mesa, Arizona, and ground transport from Mesa Airport to CSCC in Eloy, Arizona. (Doc. 1, ¶¶¶¶ 20, 21, 38, 45).

Here the evidence shows that Gaboian applied the wrist restraints and is the person who applied the excessive force against Baskin, also Defendants Gaboian and were deliberately indifferent to a threat to Baskin's safety, due to the nature that the KDOC Defendants repeatedly failed to adjust Baskin's wrist restraints for hours. Therefore, Baskin has established more than a de minimis injury as required for the objective prong. Thus a triable claim of excessive force exists where a jury could reasonably conclude that Gaboian handled a cooperating prisoner, (Baskin) in a manner that the officer (Gaboian) knew posed a serious risk of harm to the prisoner.

D.   Baskin has demonstrated a serious medical need.

Plaintiff alleges that Defendant Walker and Gottfredson denied him constitutional adequate Medical care and were deliberately indifferent.

E.   The KDOC Defendants had a sufficiently culpable state of mind.

The deliberate indifference standard consist of two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citing Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)).

V.   The KDOC Defendants are not entitled to sunnary judgmen on Baskin's § 1983 complaint because KDOC administrative remedies were unavailable at CSCC.

KDOC Defendants filed a motion to dismiss Baskin's complaint pursuant to Rule 12(b)(6), and argued that Baskin failed to exhaust his available administrative remedies before filing this action, so the claims against them should be dimissed and not transfered to the District of Kansas (Doc. 22 at 9-13, 15), The KDOC Defendants then filed motion for reconsideration of it's motion to dismiss for failure to exhsut administrative remedies pursuant to Rule 12(b)(6) under LR 7.2(g) (Doc. 42). The District Court of Arizona rejected this argument on the ground that a prisoner is only required to exhaust such administrative remedies as are "available" to him. 42 U.S.C. § 1997e(a); Vaden, 449 F.3d at 1050; Brown, 442 F.3d at 934-35. and denied both motions (Doc. 40, 50.)

Declarants Melissa Waldock, Vicki Hennes, Joel Hrabe, and Doug Burris all submitted declarations pursuant to 28 U.S.C. § 1746 under the penalty of perjury that electronic and paper KDOC grievance forms and appeal forms were available to Baskin while housed at CSCC and that a computer and kiosk existed, but fails to provide evidence that the devices were in fact stationed and available at CSCC to Baskin while housed at the private prison, additionally KDOC Defendants failed to prove that Baskin had access to KDOC's administrative remedies in an out of state prison.

A.   The KDOC and CSCC interfered with the KDOC grievance process.

Plaintiff submitted his paper KDOC grievance form dated November 14, 2019 and CSCC 14-5B grievance form dated November 16, 2019, to Kilo Alpha Unit Manager Mr. Jim Alexander, whom stated to Baskin taht he scanned the KDOC grievance using his portable printer to KDOC HCF-C Unit Team Supervisor Mr. Michael Lamb, Baskin then reteived the original copy from Mr. Alexander and made a copy of the KDOC grievance form with attached additional pages along with a verification form formatted and perfected by Baskin.

On December 3, 2019, Baskin then resubmitted his KDOC grievance form to Kansas Contract Monitor Ms. Lindsey Wildermuth whom signed the verification form and KDOC grievance for receipt and returned both, verification form and grievance receipt to Baskin, but retained the physical copy of the KDOC grievance with attached additional pages witnessed by Kansas Contract Monitor Ms, Sisco. (Doc. 1, ¶¶¶¶ 73, 74, 75, 76). See Plaintiff's Exhibit A KDOC Grievance, Being Mailed in to the Court Due to KDOC Withholding Baskin's in coming mail from his Wife.

The District of Arizona held that Plaintiff's experiences in attempting to use KDOC's administrative remedies while at CSCC created a question of facr whether Plaintiff's documents were ever forwarded to the KDOC. (Doc. 50 at 5.) Contrary to the KDOC Defendants assertion, the Plaintiff has shown that the KDOC and CSCC interfered with the KDOC grievance process, and it remained unavailabé to Baskin. The KDOC Defendants argument fails, So summary judgment is not appropriate for Defendants and should be denied.

Therefore, summary judgment in favor of the Plaintiff is appropriate on his punitive damages claims against KDOC Defendnats Gaboian and Diaz.

## CONCLUSION

For the reasons stated above, Plaintiff Baskin request that the Court deny KDOC Defendants motion for summary judgment and grant summary judgment in favor of the Plaintiff against the Defendants on Plaintiff's Constitutional Claims.

Respectfully submitted,

/s/ Benton G. Baskin
Benton G. Baskin, I/M #52888
Hutchinson Correctional Facility East Unit
P.O. Box 1568
Hutchinson, Kansas 67504
Phone: (620)-625-7295
Fax: (620)-728-3473
E-mail: KDOC court file hcf@ks.gov
Plaintiff Pro se

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2024, I electronically filed the foregoing Plaintiff's Motion of Opposition to KDOC Defendants Motion for summary judgment with the clerk of the court using the CM/ECF system which will send notification of electronic filing to the following:

Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Attorney for Defendants Armen Gaboian & Javier Diaz


Thomas A. Rottinghaus, KS No. 19081
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Attorney for Defendant Charles K. Westbrook


/s/ Benton G. Baskin
Benton G. Baskin, I/M #52888
Plaintiff Pro se