IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENTON GENE BASKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-3212-JAR-ADM |
| ) | |
| TODD THOMAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The KDOC Defendants submit this Reply in further support of their Motion for Summary Judgment (Doc. 75). The KDOC Defendants assert that Plaintiffs do not overcome their legal arguments. Accordingly, the KDOC Defendants' Motion should be granted in its entirety. The KDOC Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Motion. (Doc. 75.) The KDOC Defendants' Motion should be granted for the reasons previously stated.

Baskin has failed to address the KDOC Defendants' jurisdictional arguments regarding Eleventh Amendment immunity, § 1983 not supporting individual-capacity injunctive or declaratory relief, and lack of constitutional standing for injunctive or declaratory relief. Baskin has failed to address the KDOC Defendants' Eighth-Amendment arguments in Sections IV.A ("Failing to loosen handcuffs or to switch handcuffs to large-sized handcuffs does not violate clearly established law"). And Baskin has failed to address the KDOC Defendants' alternative argument regarding punitive damages in Section V of their Motion.

**I.  Baskin fails to properly controvert the KDOC Defendants' Statement of Material Facts, so they are admitted.**

As required by D. Kan. Rule 56.1(d), the KDOC Defendants served upon Baskin the

Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion, along with the required texts of D. Kan. Rule 56.1 and Fed. R. Civ. P. 56. (Doc. 77.) Yet Baskin fails to provide a response to the facts set forth in any of the numbered paragraphs of the KDOC Defendants' Statement of Material Facts as required by D. Kan. Rule 56.1(b)(1) or Fed. R. Civ. P. 56. Therefore, the KDOC Defendants' Statement of Material Facts should be deemed admitted. D. Kan. Rule 56.1(a) ("All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."); *see Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). So Baskin fails to establish any genuine disputes of material fact and the KDOC Defendants' Statement of Facts should be treated as true for purposes of the summary judgment motion.

## II.     Baskin has failed to provide "specified reasons" why more discovery is necessary.

If a plaintiff needs more discovery prior to responding to a motion for summary judgment, the plaintiff can request it through Federal Rule of Civil Procedure 56(d) but must meet the burden of providing "specified reasons" for why such discovery is needed. Fed. R. Civ. P. 56(d). Under Rule 56(d), a party can object to a motion for summary judgment if the party does not have access to evidence needed to respond effectively. "But relief under Rule 56(d) is not automatic." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). Rather, to obtain relief under Rule 56(d), the movant must submit an affidavit explaining the "probable facts" that are unavailable, why they are unavailable, and how additional time for discovery "would allow for rebuttal of the adversary's argument for summary judgment." *Id.* "The protection afforded by Rule 56[d] . . . is designed to safeguard against a premature or improvident grant of summary judgment." *Pasternak v. Lear Petrol. Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).[1]

---

[1] *See also* Fed. R. Civ. P. 56(d) advisory committee's note on 2010 amendment (explaining changes in subsection numbering).

2

Here, Baskin moves under Federal Rule of Civil Procedure 56(d) for more discovery to be permitted. (Doc. 92 at 1, 5-6.) Baskin argues that he "has not had the opportunity to make full discovery and currently awaits to receive discovery from ('KDOC') Defendants Gaboian and Diaz." (Doc. 92 at 3.) And he says that summary judgment "would be premature without an opportunity for discovery." (Doc. 92 at 6.) His declaration says that he needs declarations from six different inmates. (Doc. 91 at ¶ 15.) But Baskin had an adequate opportunity for at least three and a half months to conduct discovery. (*See* Doc. 54 at 2 (scheduling order setting discovery deadline); Doc. 69 at 2 (amended scheduling order not extending discovery deadline for claims against the KDOC Defendants); Doc. 92 at 3 ("The Court entered the operative scheduling order on September 29, 2023, The Scheduling order required the parties to . . . serve any discovery requests by January 19, 2024.").) Baskin did not move to extend discovery with regard to the claims against the KDOC Defendants. Discovery has now ended. Even though Baskin submitted his discovery requests to the KDOC Defendants out of time in March 2024, past the close of discovery, the KDOC Defendants submitted responses to Baskin on May 10, 2024 (Doc. 87), about two and a half weeks before Baskin filed his Response to the KDOC Defendants' Motion on May 29, 2024 (Doc. 92 at 11.) (Because the discovery requests were submitted out of time, the KDOC Defendants were not required to submit discovery responses and no deadline applied when they chose to voluntarily respond.)

Baskin does not explain why he was unable before now to obtain the six declarations he seeks. Further, the contents he predicts for those declarations would be immaterial to the present Motion. Baskin says that the declarations would testify to a sarcastic tone by Diaz, that Baskin made continuous pleas to Diaz, that Diaz did not loosen his restraints, and that Baskin made pleas to Patrick Douglas and Defendant Westbrook while boarding on during the flight to

3

Arizona. (Doc. 91 at ¶ 15.) The fact that Diaz did not loosen Baskin's restraints is already in the record and is uncontested. Any additional, "continuous pleas" by Baskin to Diaz would be immaterial because Diaz could not enter the rear of the vehicle at that time. Any sarcasm in Diaz's tone would not affect whether Diaz could have entered the rear of the vehicle. And sarcasm would not be a constitutional violation itself. Any pleas Baskin made to Patrick Douglas and Defendant Westbrook are immaterial with regard to Baskin's claims against Gaboian and Diaz. Any such pleas would have occurred after Baskin was no longer near Gaboian or Diaz, who were not present for the flight to Arizona.

Therefore, Baskin has failed to provide "specified reasons" why he should be permitted to conduct further discovery, as he is required to do under Rule 56(d). So the Court should deny his request under Rule 56(d).

### III. Baskin makes arguments about exhaustion of administrative remedies, which is not an issue before the Court on the present Motion for Summary Judgment.

Baskins states that "Defendants attempt to revisit Plaintiff's alleged failure to exhaust administrative remedies in their motion for summary judgment." (Doc. 92 at 2.) But the KDOC Defendants did not raise failure to exhaust administrative remedies in their Motion for Summary Judgment. (*See* Doc. 75 at 1 n.1.) Baskin spends a significant portion of his response and exhibits addressing exhaustion. (*See, e.g.,* Doc. 92 at 9-10.) Exhibits Doc. 91-1, 93-1, 93-2, and 93-3 all relate simply to exhaustion. But the issue of exhaustion is not presently before the Court.

### IV. Baskin makes arguments about persons who are not current defendants in this case.

Baskin also "alleges that Defendant Walker and Gottfredson denied him constitutional adequate Medical care and were deliberately indifferent." (Doc. 92 at 8.) These two individuals, who were dismissed from this case on October 4, 2022 (Doc. 14 at 14), served as nurses at Saguaro Correctional Center (Doc. 1 at 3). And Baskin complains, perhaps also regarding these

4

same individuals, about "negligence and denial of adequate medical care that was not provided by [Saguaro Correctional Center] Health Services." (Doc. 92 at 4.) Baskin also says he "requested and was denied/deprived from receiving photo documentation via [Saguaro Correctional Center] Security Threat Group Lt. Perez and Health Services Administrator Ms. E. Barajas." (Doc. 92 at 4.) Perez and Barajas have never been defendants in this case. (*See* Doc. 1 at 1-4.) None of these individuals are current defendants in this case. And no facts connect the KDOC Defendants to any actions by these Saguaro Correctional Center personnel.

## V. None of the evidence Baskin provides creates a genuine issue of material fact.

As stated above in Section III, Docs. 91-1, 93-1, 93-2, and 93-3 all relate simply to exhaustion, which is not an issue presently before the Court.

Doc. 91-2 is a letter, dated after the filing of this case, from Baskin to TransCor about Baskin's flight from Arizona back to Kansas in December 2020. But that December 2020 flight is not relevant to any allegations against the KDOC Defendants, which relate only to events in October 2019 that allegedly occurred within Kansas.

All pages from Doc. 91-3 were already in evidence. (*See* Doc. 76 at 16-17, 11.)

Doc. 93 is simply a cover page for Docs. 93-1, 93-2, and 93-3.

In Doc. 91, ¶¶ 3-8 and 12-14 relate simply to exhaustion, which is not an issue presently before the Court. And ¶¶ 1-2, 9-11, 17-18 do not relate to any allegations against the KDOC Defendants. The KDOC Defendants addressed why ¶ 15 is immaterial to the present Motion in Section II above.

Reconciling ¶ 16 with Diaz's verified complaint, both of which were declared under penalty of perjury, it appears that Diaz is saying that his restraints were not adjusted at *every* stop, but they were adjusted at EDCF. (Doc. 1 at ¶ 31.) Diaz does not submit any evidence suggesting that his restraints were not *checked* at every stop. So the admissible evidence in the

5

...

record still shows that "Baskin's restraints were checked or adjusted at HCF, at EDCF, and at the airport in Salina." (*See* Doc. 75 at 27.)

Baskin makes other conclusory allegations (*see, e.g.,* Doc. 92 at 4), but they are unsupported by admissible evidence as is necessary for consideration on a summary judgment motion. The KDOC Defendants properly served upon Baskin the Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion, along with the required texts of D. Kan. Rule 56.1 and Fed. R. Civ. P. 56. (Doc. 77.) So Baskin is without excuse for not introducing or citing admissible evidence in the record for these assertions.

Therefore, no genuine issues of material fact are present before the Court.

## VI. Even considering allegations unsupported by evidence, Gaboian has failed to show more than de minimis injuries.

Baskin asserts that negligence by Health Services at Saguaro Correctional Center allowed "scabbing and pigmentation to occur on Baskin's wrists." (Doc. 92 at 4.) First, Baskin does not cite any admissible evidence for this. Second, Baskin does not even attribute this alleged injury to the KDOC Defendants. Third, even if this was attributed to the KDOC Defendants with admissible evidence, "scabbing and pigmentation" would fail to demonstrate more than a de minimis injury. *See Counce v. Wolting*, No. 13-3199-JTM, 2018 WL 1138281, at *7 (D. Kan. Mar. 2, 2018) ("Counce's dime-size scar is de minimis as he does not complain about ongoing pain or a persistent injury as a result of this scar from the handcuffs."); *see also* (Doc. 75 at 18-22).

Baskin also alleges that his situation of being cuffed while transported from Kansas prison facilities to Saguaro Correctional Center in Arizona is analogous to a Third Circuit case where a prisoner was secured in a restraint chair, naked, for fourteen hours for a punitive purpose. *See Young v. Martin*, 801 F.3d 172 (3d Cir. 2015). But Baskin was cuffed for safety

6

reasons during the transport, not for a punitive purpose. And he was merely cuffed (while clothed), not secured in a restraint chair naked (or subjected to any similar extreme conditions). And Baskin has not alleged that he was cuffed for more than a few hours while in the presence of either of the KDOC Defendants.

Therefore, even considering arguments unsupported by admissible evidence, Baskin has failed to show more than de minimis injuries.

### VII. Baskin flatly asserts that he should receive summary judgment in his favor without providing any factual or legal arguments to support it.

Baskin requests summary judgment in his favor. (Doc. 92 at 1, 3, 10.) He flatly asserts that "summary judgment in favor of the Plaintiff is appropriate on his punitive damages claims against KDOC Defendants Gaboian and Diaz." (Doc. 92 at 10.) He provides no breakdown of material facts not in genuine dispute and no legal arguments in support of his motion for summary judgment. He might be requesting it under Rule 56(f) (*see* Doc. 92 at 1), which allows the Court, after giving notice and a reasonable time to respond, to grant a motion for summary judgment "on grounds not raised by a party" or even *sua sponte* without a motion by the parties. *But see* Fed. R. Civ. P. 56(d) advisory committee's note on 2010 amendment (explaining a change in subsection numbering from 56(f) to 56(d)). But courts do not assume the role of an advocate for a *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And a *pro se* litigant is expected to adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* So absent extraordinary circumstances, Baskin should be expected to present his own summary judgment arguments. Therefore, because Baskin has provided no factual or legal analysis to support his assertion that he should receive summary judgment, his request for summary judgment in his favor should be denied.

## CONCLUSION

For these reasons along with the reasons specified in the KDOC Defendants' Motion, the KDOC Defendants request that the Court grant their Motion in full.

> Respectfully submitted,
>
> KRIS W. KOBACH
> ATTORNEY GENERAL OF KANSAS
>
> */s/ Matthew L. Shoger*
> Matthew L. Shoger, KS No. 28151
> Assistant Attorney General
> Office of the Attorney General
> 120 SW 10th Ave., 2nd Floor
> Topeka, Kansas 66612-1597
> matt.shoger@ag.ks.gov
> (785) 296-2215
> Fax: (785) 291-3767
> *Attorney for the KDOC Defendants*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 12th day of June, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Thomas A. Rottinghaus
    Wagstaff & Cartmell, LLP
    4740 Grand Avenue, Suite 300
    Kansas City, MO 64112
    *Attorney for Defendant Westbrook*

I also certify that a copy of the above will be served on the 13th day of June, 2024, by means of first-class mail, postage prepaid, addressed to:

    Benton Gene Baskin #52888
    Hutchinson Correctional Facility
    P.O. Box 1568
    Hutchinson, KS  67504
    *Plaintiff, pro se*

                                              */s/ Matthew L. Shoger*
                                              Matthew L. Shoger
                                              Assistant Attorney General