Benton G. Baskin, I/M #52888
Hutchinson Correctional Facility East Unit
P.O. Box 1568
Hutchinson, Kansas 67504
Phone:(620)-625-7295
Fax:(620)-728-3473
E-mail: www.gettingout.com
Plaintiff Pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENTON GENE BASKIN,        )
                                )
       Plaintiff,           )
                                )
                                )
v.                                 )        Case No. 23-3212-JAR-ADM
                                )
                                )
TODD THOMAS, et al.,         )
                                )
       Defendants.        )
                                )

PLAINTIFF'S RESPONSE IN SUPPORT OF MOTION TO DISMISS
KDOC DEFENDANTS MOTION FOR SUMMARY JUDGMENT

The Plaintiff submit this Response in further support of His Motion to

Dismiss KDOC Defendants Armen Gaboian and Javier Diaz Motion for Summary Judgment

re [Doc. 75] (Doc. 92.). The Plaintiff asserts that the Court can find that He

overcomes the KDOC Defendants legal arguments. Additionally, the KDOC Defendants

fail to demonstrate an entitlement to summary judgment beyond a reasonable doubt.

Ellis v. Elpaso Nat. Gas Co. 759 F.2d 884 (10th Cir. 1980). Accordingly, the KDOC

Defendants motion should be denied in it's entirety for the reasons previously

stated in (Doc. 92.)

The KDOC Defendants are not protected by Qualified Immunity under the Eleventh

Amendment, and their jurisdictional argument regarding § 1983 not supporting

invidiual-capacity injunctive or declatory relief, and lack of constitutional

standing for injunctive or declatory relief fails. The Supreme Court has directed,

qualified immunity should protect all "but the plainly incompetent or those who

-1-

knowingly violated the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092 L. Ed. 2d 271 (1986). The Plaintiff addressed the KDOC Defendants Eighth Amendment arguments in Sections IV.A, The United States District Court for the District of Arizona, held that KDOC Defendants Armen Gaboian and Javier Diaz acted with deliberate indifference to a threat to Baskin's safety. (Doc. 14). A prison officials " deliberate Indifference " to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 [511 U.S. 829] U.S. (1976); Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotations omitted).

Baskin was cuffed in a punitive manner under extreme conditions when he was forced to travel via ground transport from: HCF-C, to EDCF-C, and SA Salina Airport; Notwithstanding, air travel from Salina, Kansas to Mesa, Arizona, and ground transport from Mesa, Arizona to CSCC in Eloy, Arizona. (Doc. 1, ¶¶¶¶ 20, 21, 38, 45).

The evidence shows that Gaboian applied the wrist restraints and is the person who applied the excessive force against Baskin, Thus a triable claim of excessive force exists where a jury could reasonably conclude that Gaboian handled a cooperating prisoner (Baskin) in a manner that the officer Gaboian knew posed a serious risk of harm to Baskin. KDOC Defendants Gaboian and Diaz ignored Baskin's timely complaints and was otherwise made aware that the wrist restraints were too tight. Baskin is entitled to punitive and compensatory damages due to the requisite subject intent.

I.   A Genuine Issue of Material Fact Exists

The Plaintiff has established that a Geniune Issue of Material Fact exists as to the proximate cause of KDOC Defendants Gaboian and Diaz deliberate indifference to a threat to Baskin's safety in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Accordingly, the material facts are genuine given that a reasonable jury could render a verdict for Plaintiff Baskin.

The KDOC Defendants fail to properly controvert and dispute Baskin's statement

-2-

of material facts; Therefore, the KDOC Defendants' Statement of Material Facts should not be treated as true and not admitted for the purpose of their summary judgment motion and should be denied.

II.      Specific Reasons Why More Discovery Is Necessary.

The Plaintiff submitted a Declaration explaining the "probable facts" that are unavailable, why they are unavailable, and how additional time for discovery would allow rebuttal of the adversary's i.e. KDOC Defendants argument for summary judgment.  Furthermore, The KDOC Defendants Armen Gaboian, Javier Diaz submitted declarations along with declarant(s) Melissa Waldock, Vicki Hennes, Doug Burris, and Joel Hrabe, testifying to CSCC's availability of KDOC's Rule Books, electronic and paper KDOC grievance and grievance appeal forms, administrative remedies, computer and Kiosk to communicate with KDOC Unit Team, and the Non-existence of Baskin's KDOC Grievance filed on November 14, 2019, and December 03, 2019, hand delivered by KDOC Employee Lindsey Wildermuth along with signed affirmation, (Doc. 91, Doc. 75).

Plaintiff's declarations from Anthony Payne, Anthony Martin, James Rowell, William K. Bemis, King Phillip Amman Reu-El, and Daniel Parker, are Material to the Present Motion and will testify to the non-existence of KDOC Rule Books, and unavailable electronic and paper KDOC grievance and grievance appeal forms, administrative remedies, computer and kiosk to communicate with KDOC Unit Team at CSCC. Additionally, the Inmate Declarant(s) are housed in different KDOC Facilities throughout the State of Kansas, due to the nature that the Plaintiff is a prisoner it has been rather difficult to communicate with said declarant(s), again, the content of these declarations would be material to the present Motion and would further testify to Gaboian and Diaz failure to adhere to Baskin's pleas for relief, as well as Patrick Douglas and Defendant Charles K. Westbrook.

Therefore, Baskin has provided and established why He should be permitted

-3-

to conduct further discovery pursuant to Rule 56(d)(f), so the Court should grant

his request and deny KDOC Defendants motion for summary judgment.

      III.     The KDOC Defendants Specifically Stated in Section V. that they
               are entitled to Summary Judgment on Baskin's § 1983 Complaint
               because he failed to exhaust administrative remedies.

To the Contrary the KDOC Defendants are now back peddling from their argument

and contradict, yet state that they did not raise and is not an issue before the

Court on the present Motion for Summary Judgment. (Doc. 75.) Notwithstanding,

Declarant(s) Melissa Waldock, Vicki Hennes, Doug Burris, and Joel Hrabe, Declaration(s)

Exhibit G,H,F,E [Doc. 75] testify to Baskin's KDOC Grievance submitted on November

14, and December 3, 2019, which was allegedly faxed to Michael Lamb, by CSCC Unit

Manager Jim Alexander, and Hand Delivered to KDOC Employee Lindsey Wildermuth, Being

Non-existent. The Plaintiff provided the Court with the KDOC Grievance He filed

while at CSCC and a physical copy He gave to Kansas Contract Monitor Lindsey Wildermuth,

The District of Arizona held that Baskin's experiences in attemping to use KDOC's

administrative remedies while at CSCC created a question of fact whether Baskin's

documents i.e. grievance were ever forwarded to the KDOC. (Doc. 50 at 5.). (Doc. 40 at 19)

(Doc. 93-1, 93-2, 93-3). Melissa Waldock, Vicki Hennes, Doug Burris, and Joel Hrabe

committed perjury pursuant to 28 U.S.C. § 1746, and attempt to use a 2016 KDOC

Grievance that is immaterial to the present motion. Further the KDOC Administrator

for the East and South Unit at HCF-S and HCF-E Mailroom are currently withholding

My Exhibit(s) in [Doc. 93-1, 93-2, 93-3] Administrator Brandon Ruiz states the he

and the mailroom can hold My mail 1 or 2 months max. See Exhibit A, Additionally

mailroom staff Elvira Prior and/or unit team Robin L. Hurt has been opening My

legal without My presence possibly reading and/or copying legal Court documents.

See Exhibit B. Contrary to the KDOC Defendants assertion, the Plaintiff has shown

that the KDOC and CSCC interfered with the KDOC Grievance process, and it remained

unavailable to Baskin. The KDOC Defendants argument fails, so summary judgment

-4-

is not appropriate for the KDOC Defendants, and should be denied as the District Court for the District of Arizona rejected the KDOC Defendants argument and Therefore, this Court should also deny and dismiss KDOC Defendants motion for summary judgment.

IV.    Baskin Suffered More Than a De Minimis Injury.

Plaintiff Baskin asserts negligence by KDOC Defendants Armen Gaboian and Javier Diaz, and attributes his injuries to the KDOC Defendants, as a cooperating Baskin was forced to travel by ground transport from HCF-C to FDCF-C, and Salina Airport, cuffed in a punitive manner under extreme conditions.  Baskin was in the presence of Diaz for 8 hours, unduly tight handcuffing can constitute excessive force where a Plaintiff alleges some actual injury from the handcuffing and alleges Diaz ignored Baskin's timely complaints (or otherwise made aware) that the hand cuffs were too tight.  Baskin showed that the force Gaboian used was more than reasonably necessary and actual injury caused by the unreasonable  siezure that is not de minimis, be it physical or emotional.  Cortez, 478 F.3d at 1129 n. 25 (emphasis added). Here the evidence shows that Gaboian applied the wrist restraints and is the person who applied the excessive force against Baskin, and was also deliberately indifferent to a threat to Baskin's safety.  KDOC Defendant Diaz repeatedly failed to adjust Baskin's wrist restraints for hours, before Baskin was under the custody of TransCor of America, LLC, TCA, which then made TCA Employee Charles K. Westbrook a Defendant.  The United States District Court for the District of Arizona held that the KDOC Defendants acted with deliberate indifference to a threat to Baskin's safety (Doc. 14).  KDOC Defendants Gaboian and Diaz acted with a sufficiently culpable state of mind by failing to adjust or apply the correct restraints thereby willingly and knowingly the potential harm the wrist restraints could inflict upon Baskin, as evidenced by Gaboian (Doc. 1, ¶¶ 20, 21.)

Therefore, Baskin has established and shown more than de minimis ijuries via mental/emotional pain and physical as required by the Eighth Amendment.

V.    Baskin's Verified Complaint Provides Evidence and Creates a
      Genuine Issue of Material Fact.

The KDOC Defendants failed to properly controvert the Plaintiff's statements

of material facts in his verified Complaint, the material facts are genuine, given

that a reasonable jury could render a verdict for Plaintiff Baskin, Therefore KDOC

Defendants fail to establish any genuine disputes of Baskin's material fact and

the Plaintiff's Statement of Facts should be treated as true and the KDOC Defendnats

Statement of Facts should not be treated as true and not admitted for the purpose

of summary judgment motion and should be denied.

VI.    Baskin Asserts Summary Judgment in His Favor.

Baskin request summary judgment in his favor on his punitive damages claims

against KDOC Defendants Armen Gaboian and Javier Diaz.  The Court must view the

record in light most favorable to the party opposing the motion for summary judgment.

Deep Water Ivestments Ltd. v. Jackson Hole Ski Corp, F.2d 1105, 110 (10th Cir. 1991).

Viewing the record in light most favorable to Plaintiff Baskin as the non-moving

party would be reversible error for the Court to grant summary judgment for the

KDOC Defendants, because there exist a genuine issue as to the proximate cause of

deliberate indifference to a threat to Baskin's safety.  KDOC Defendants fail to

establish any genuine disputes of Baskin's material facts.  Accordingly, the

KDOC Defendants also fail to demonstrate an entitlement to summary judgment beyond

a reasonable doubt. Ellis v. El Paso Nat. Gas Co. 759 F.2d 884 (10th Cir. 1980))

Baskin's Statement of Facts should be treated as true for purposes of summary

judgment in favor of the Plaintiff.

CONCLUSION

For these reasons along with the reasons specified in the Plaintiff's Motion to Dismiss and Motion in Response to KDOC Defendants Reply, the Plaintiff Request that the Court grant his Motion in full and deny the KDOC Defendants Motion for Summary Judgment and grant Summary Judgment in favor of the Plaintiff.

Respectfully submitted,

/s/ Benton G. Baskin
Benton G. Baskin, I/M #52888
Hutchinson Correctional Facility East
P.O. Box 1568
Hutchinson, Kansas 67504
Phone: (620)-662-2321
Fax: (620)-728-3473
E-mail: KDOC court file hcf@ks.gov
Plaintiff Pro se

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July 2024, I electronically filed the foregoing Plaintiff's Response in Support of Motion to Dismiss KDOC Defendants Motion for Summary Judgment with the clerk of the court using the CM/ECF system which will send notification of electronic filing to the following:

Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Attorney for Defendants Armen Gaboian & Javier Diaz


Thomas A. Rottinghaus, KS No. 19081
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Attorney for Defendant Charles K. Westbrook


/s/ Benton G. Baskin
Benton G. Baskin, I/M #52888
Plaintiff Pro se

Form 9
For Cellhouse Transfer
Work Assignment Retreival of My Legal Mail Being Withheld Via Mailroom
Interview Requests and Needed For Court Filing Due on May 31, 2024.

Baskin
_____
Last Name Only

### KANSAS DEPARTMENT OF CORRECTIONS

52888
_____
Number

### INMATE REQUEST TO STAFF MEMBER

To: Mr. B. Ruiz, EU/SU Administrator          Date: June 03, 2024
_____
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

The Mailroom is in Possession of My Legal Mail Sent to HCF-E, on May 19, 2024, Via My Wife

Angela S. McCoy-Baskin, The Content(s) of The Envelope Shall Reflect as Follows: Plaintiff's

Exhibits in Support of Opposition to KDOC Defendants Motion For Summary Judgment; Exhibit A

Affirmation, Grievance Receipt, KDOC Grievance Filed November 14th, 2019 and December 03,

2019, Exhibit B, And Saguaro Correctional Center Inmate Request Form, Exhibit C, The

United States District Court For The District of Kansas has Been Made Aware -- See Attached

Work Assignment: Private Industry (Electrex)     Living Unit Assignment: E2-#319
Comment: _Benton G. Baskin_          Detail or C.H. Officer: _Flesher_

Disposition:

      BENTON GENE BASKIN v. TODD THOMAS, et al.,

      Case No. 5:23-cv-03212-JAR-ADM

      Document 95 Exhibit A

To: _____          Date: 6·6
    (Name & Number)

Disposition: This came from an individual, not an
attorney so policy allows 1oz max.

_____
Employee's Signature

To be returned to inmate.

P-0009

KANSAS DEPARTMENT OF CORRECTIONS
INMATE REQUEST TO STAFF MEMBER


To: B. Ruiz, EU/SU Administrator                    From: Baskin, I/M #52888

P-0009


ATTACHED PAGE

Cont.> of The Exhibits Being Sent To HCF-E From My Wife. The Deadline Has Expired, Thus
Further Withholding of My Legal Mail Would Reflect KDOC Inteference and Any Attempts
To Copy and Retain Copies Would Result in Infringment on Baskin's Constitutional Rights.

        Consequently The Legal Proceeding Was Due on May 31, 2024; Therefore, It Is
Imperative That Baskin Receive His Legal Documnet(s) Before June 05, 2024, So That He
May Electronically File Said Documents in the United States District Court For The
District of Kansas.

        Your Prompt attention in Regard to The Legal Document(s) and Exhibits Being
Delivered To Baskin Will Be Greatly Appreciated.  Thank You For Your Time and Consideration.

        Unfortunately This Is A Repeat of The August 10, 2023 Legal Mail Incident, Which
was Not Resolved until September 25, 2023. I Respectfully Request That This Is Resolved
A.S.A.P.


Benton G. Baskin


                BENTON GENE BASKIN v. TODD THOMAS, et al.,
                Case No. 5:23-cv-03212-JAR-ADM
                Document 95 Exhibit A

*Opened in Error*

Attachment A, IMPP 12-139D
Effective 04-30-23

# KANSAS DEPARTMENT OF CORRECTIONS
## LEGAL, OFFICIAL, PRIVILEGED MAIL DELIVERY FORM

**SECTION A: This section is to be filled out by mail room staff (please print):**

Staff Name: __E PRIOR__   Signature: _EPrior_   Date: __06/17/2024__

Resident Name: __BASKIN, BENTON__   KDOC Number: __52888__   Athena Number: _____

Sender's Name: ATTORNEY GENERAL KRIS W KOBACH, MEMORIAL HALL

Sender's Address: _120 SW 10TH AVE, 2ND FLOOR, TOPEKA, KS 66612-1597_

**SECTION B: Inspection and clearance by designated staff (please print):**

Clear for processing: YES__X___   NO_____

Staff Name: __E PRIOR__   Signature: _EPrior_   Date: __06/17/2024__

**SECTION C: To be filled out by Delivering Staff (please print):**

Staff Name: _ROBBW L. HURT_   Rank/Position: _CCI_

Staff Signature: _RHiLHSOCCF_   Date: _06/18/2024_

**SECTION D: Resident Acknowledgement (please print):**

Please respond "Yes" or "No" to the statement below:

X _yes_ Quality of photocopy is acceptable.   X _yes_ I am accepting my legal, official, privileged mail.

Resident Signature: X _Unden Dm_   Date: X _6-18-24_

**SECTION E: To be filled out by Witnessing Staff if Resident refuses to sign Section D (please print):**

Staff Name as Witness (please print): _____

Staff Signature as Witness: _____

Noted Concerns: _____

_____

BENTON GENE BASKIN v. TODD THOMAS, et al.,

Case No. 5:23-cv-03212-JAR-ADM

Document 95 Exhibit B